(No. 29449.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THEODORE VINCENT, Plaintiff in Error.

*Opinion filed May 21, 1946—Rehearing denied September 12, 1946.*

Theodore Vincent, *pro se.*

George F. Barrett, Attorney General, and Morey C. Pires, State's Attorney, of Dixon, for the People.

Mr. Chief Justice Thompson delivered the opinion of the court:

An indictment was returned in the circuit court of Lee county at the April term, 1941, against plaintiff in error, Theodore Vincent, charging him with the crime of murder. He entered a plea of guilty and was sentenced to imprisonment in the penitentiary for a term of fifty years.

The record discloses that plaintiff in error, on June 30, 1941, appeared in open court with his counsel, was furnished with a copy of the indictment and a list of jurors and of the People's witnesses, at which time, on his motion, he was granted ten days to move or plead to the indictment, which time was later extended to August 1, 1941. On said date plaintiff in error appeared with his counsel, entered a plea of not guilty and, by agreement, the cause was set for trial by a jury on September 22, 1941. Later plaintiff in error signed and filed a written motion for leave to withdraw his plea of not guilty and to enter a plea of guilty which recited that he was "fully advised by counsel of the results and consequences attendant upon a change of said plea of not guilty to a plea of guilty to said indictment." On August 26, 1941, this motion was allowed and plaintiff in error entered a plea of guilty after having been admonished as to the consequences, and he

then signed a written waiver of trial by jury. The court proceeded to hear witnesses as to the aggravation and mitigation of the offense, at the conclusion of which plaintiff in error was sentenced to imprisonment in the penitentiary as above indicated.

Errors assigned by which a reversal of the judgment is sought are: (1) The indictment is invalid because the grand jury was not properly recalled; (2) that the indictment is invalid and defective; (3) that defendant was not admonished concerning the consequences of pleading guilty; (4) that the trial judge abused his discretion in imposing a sentence which was not reflected by the weight of the mitigating circumstances; and, (5) that defendant was denied due process of law.

It is first urged by plaintiff in error that the indictment is invalid because the grand jury was recalled on petition not signed or verified. This contention is obviated by the fact that there has been filed in this court an additional record which shows that the petition for recall was signed by the State's Attorney of Lee county, which was sufficient without verification.

It is contended the indictment is invalid because the second retirement of the grand jury took place without the grand jury being resworn and reinstructed. The record discloses that the grand jury was duly sworn on the opening day of the term and it was therefore unnecessary to have the same grand jury again sworn when it was reassembled by the court to discharge additional duties. *People* v. *McCauley*, 256 Ill. 504.

Plaintiff in error next contends he was not admonished concerning the consequences of pleading guilty; that while the judge's docket for August 26, 1941, states that he was admonished as to the effect and consequences of his plea of guilty, the bill of exceptions as shown in the abstract discloses all of the proceedings had on August 26, 1941, and that no words of warning or admonishment ap-

pear therein; that the bill of exceptions impeaches the, statement in the judge's docket and proves the defendant was not admonished concerning the consequences of pleading guilty. In this plaintiff in error does not find support in the record. It is true that the report of proceedings referred to by plaintiff in error contains only the evidence offered at the hearing in aggravation and mitigation of the offense, but it is clear from other parts of the record that plaintiff in error was properly admonished and warned of the consequences of the plea. The record or order, as written by the trial judge on plaintiff in error's motion to withdraw his plea of not guilty, clearly recites that plaintiff in error appeared in open court in person and by his attorney; that after a full explanation of the consequences of his plea, the said plaintiff in error, fully understanding and comprehending the said consequences, persisted in his desire to change his plea from not guilty to that of guilty in manner and form as charged in the indictment. It is apparent the record is sufficient in that regard. A recital in the record that the defendant was duly informed of the effect of his plea of guilty shows a sufficient compliance with the statute. Where the record recites that the defendant was admonished as to the consequences of his plea, it will be presumed, in support of such recital, that the court discharged its duty. *People* v.. *Denning,* 372 Ill. 549.; *People* v. *Throop,* 359 Ill. 354; *People* v. *Collins,* 353 Ill. 468; *People* v. *Pennington,* 267 Ill. 45.

Plaintiff in error urges the trial judge abused his discretion in imposing a sentence of fifty years and that such sentence is excessive in view of the mitigating facts and circumstances surrounding the crime and the life of this defendant prior to the tragedy. Plaintiff in error admits in his argument that in passing sentence upon a guilty criminal the trial judge is invested with complete judicial discretion within the limits of punishment fixed by law, provided that discretion' has not been abused, and cites the

case of *People* v. *Riley*, 376 Ill. 364. The question presented in that case was whether or not the prisoner there had been materially prejudiced by the procedure which the court adopted in conducting the inquiry required by the Criminal Code. In the instant case it is not contended that the prisoner has been prejudiced by the procedure in receiving the evidence required by the Criminal Code, but that the facts as shown by such evidence so received are such as warrant a lighter sentence; that in view of the facts surrounding the crime and the reputation of this defendant prior to the tragedy, the court abused its discretion when a sentence of fifty years was imposed. Plaintiff in error also cites the case of *People* v. *Popescue*, 345 Ill. 142, and points out that this court has said therein that courts are usually more lenient in pronouncing sentence upon first offenders. This provision in law, however, which often results in leniency toward a first offender is of doubtful application in cases of homicide. The very nature of the crime itself weighs against the contention of leniency because of the first offense, or that the murderer had killed for the first time. The life of a human being is too sacred for such an illogical claim to justification or leniency.

We have analyzed the evidence as shown in mitigation of the offense with which plaintiff in error is charged, and, while the evidence reveals the killing of his wife was due to his belief that she was unfaithful, such conduct on her part, even if true, would not justify his act in taking her life. The record discloses that plaintiff in error was guilty of premeditated murder; that on the morning of the killing he was in the downtown district, had gone to a barbershop for a haircut and later went to his father's house, secured a loaded pistol and, over the protests of his mother, returned to his home, found his wife in the kitchen, accused her of infidelity and shot her; that he carried her body from the kitchen and placed her on the bed where the body was found saturated with blood; that he was immediately

arrested and did not appear to be under the influence of intoxicating liquor; that he was calm, gave his pistol to the officers and showed the officers how and where he. killed his wife.

In this case plaintiff in error entered a plea of guilty, and the court, following the mandate of the statute, proceeded to hear witnesses as to the aggravation and mitigation of the offense. This being a plea of guilty to murder, the trial judge was invested with discretionary power either to impose a sentence of death or imprisonment in the penitentiary for life or for a definite period not less than fourteen years. In such cases a judge should not impose a penalty except after a hearing and after serious consideration of the surrounding facts and circumstances which may tend toward aggravation or mitigation of the offense. The examination of witnesses for this purpose does not constitute a trial in the ordinary sense of the word. The hearing is not for the purpose of determining guilt or innocence but has for its sole object the determination of the degree of punishment of the prisoner in the light of the circumstances surrounding him. (*People* v. *Popescue,* 345 Ill. 142.) In deciding this question, this court has held it is not confined to the evidence showing guilt, for that issue has been settled by the plea. The rules of evidence which ordinarily obtain in a trial where guilt is denied do not bind the court in its inquiry. It may look to the facts of the killing and it may search anywhere within reasonable bounds for other facts which tend to aggravate or mitigate the offense.

We have examined the record in this case and are unable to find that the trial judge in any way abused that judicial discretion which the law has expressly committed to him or that plaintiff in error was denied any of his constitutional rights. The judgment of the circuit court of Lee county is affirmed.

*Judgment affirmed.*