THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARL TORRES, Defendant-Appellant.

(No. 71-301;

Second District—September 12, 1972.

Ralph Ruebner, of Defender Project, of Elgin, (Kenneth L. Gillis, of counsel,) for appellant.

William R. Ketcham, State's Attorney, of Geneva, (W. Ben Morgan, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The questions presented on this appeal are: (1) whether the trial court in accepting a guilty plea to an indictment for burglary adequately ad-

monished the defendant in conformance with Supreme Court Rule 402(a); (2) whether the trial court erred in the conduct of the hearing in aggravation and mitigation; and (3) whether the sentence of 9 to 15 years was excessive.

In May, 1971, the defendant, then 18 years old, was indicted for burglary. At his arraignment the trial judge informed defendant that he was entitled to a trial by jury and that "burglary carries with it a possible imprisonment in the penitentiary not less than one year and not more than infinity, which means the end of the world." The defendant indicated that he understood. His privately retained counsel stated to the court that he also advised defendant of his right to a trial by jury and of the possible range of punishment, and thereupon entered a plea of not guilty and a demand for a jury trial. On June 21, 1971, defendant, by his attorney, asked leave of court to withdraw defendant's plea of not guilty and substitute therefor a plea of guilty. After both his own counsel and the court interrogated and admonished the defendant the court allowed the defendant to plead guilty. On that occasion his own counsel interrogated defendant extensively after stating to the court that he "explained to Mr. Torres, but would like to go on the record once again." The colloquy as to counsel's interrogation and admonishment of the defendant is as follows:

"Q: [Mr. Morelli] Mr. Torres, you understand that by entering a plea of guilty on this case that you are waiving your right to a trial by a Jury?

A: [Mr. Torres] Yes.

Q: And you understand that you do have a right to a trial by a Jury?

A: Right, sir.

Q: And you understand if you have a trial by a Jury you have a right to subpoena witnesses to speak on your behalf?

A: Yes.

Q: And you understand if you—you understand you have a right to a trial by a Jury, all twelve jurors have to find you guilty?

A: Yes.

Q: And you understand if you enter a plea of guilty you are waiving that right and admitting the fact that you committed a burglary as charged in the indictment against you of Novotny's?

A: Yes.

Q: And you understand by entering a plea of guilty that the punishment that could be assessed against you ranges from one year to infinity.

A: Yes.

Q. And you understand that no promises have been made by the State's Attorney or the Court or myself as to what punishment you will get?

A. Yes.

Q: Do you understand that we have a right to make application for probation, though?

A: Yes.

Q: And you understand that the punishment or the decision whether or not you get probation is entirely up to the Court?

A: Yes.

Q: And if the Court decides that you should not get probation that the range of punishment is entirely up to the Court?

A: Yes."

Then the trial judge interrogated and admonished the defendant. After inquiring as to his age (18), his schooling (high school graduate), former employment, his draft status ("A-1"), ascertaining that defendant was never in a mental institution, was not an habitual drunkard nor a user of narcotics, the following colloquy took place:

"Q: [The Court] So you are representing to me you are in full possession of your faculties and you know what you are doing?

A: [Mr. Torres] Yes, your Honor.

Q: And you heard what Mr. Morelli had to say to you?

A: Yes.

Q: Is everything he said the truth?

A: Yes, your Honor.

Q: And he has gone over the possible defense of your case with you on several occasions?

A: Yes, he has.

Q: Now, if there is anything that isn't true, don't say 'yes'. If you say it is wrong, I want to know.

A: There is nothing wrong. I have gone over it.

Q: Everything that has been represented to me is the truth; is that right?

A: Yes, your Honor.

Q: Do you have any quarrel to find with the way Mr. Morelli has handled your case?

A: No, sir.

Q: Has he made you any promises of what the outcome might be?

A: No, he hasn't.

Q: So it is entirely your own free act to waive your right of a

trial by a Jury of twelve people or a trial before a judge and enter a plea of guilty and admit that you are guilty; is that right?

A: Yes, your Honor.

Q: With that understanding, your motion to withdraw the plea of not guilty and substitute a plea of guilty is granted."

Thereafter, the defendant signed what Mr. Morelli described as "a written guilty plea" and was asked if he had "read this over". The defendant replied that he had, and he answered other questions by Mr. Morelli, until the judge asked:

"Q: Nobody put a gun to your head to make you sign this or twisted your wrist or threatened you in any way; is that right?

A: No, sir."

The case was then continued pending a report from the probation officer relating to defendant's application for probation.

■■ Defendant contends that the trial judge failed to follow Supreme Court Rule 402 which required that the judge personally admonish the defendant as to the consequences of his plea. The interrogation of the defendant, his admonishment by his own counsel in the presence of the judge, and the interrogation and admonishment by the judge make it clear that the Rule was followed.

■■ In *People v. Doyle*, 20 Ill.2d 163, 167, the Illinois Supreme Court stated: "[T]he remarks and advice of the court must be read in a practical and realistic manner. The essentials have been complied with if an ordinary person in the circumstances of the accused would understand them as conveying the information required by the rule." The record here indicates beyond any doubt that defendant was informed of and understood the nature of the charge and the consequences of his plea. While the *Doyle* case referred to the predecessor of Supreme Court Rule 402, the same principle is applicable.

In *People v. McCullough*, 45 Ill.2d 305, 307, 309, where defendant was also "questioned by both his counsel and the court, defendant acknowledged his understanding of his right to a jury trial and that his entry of a plea of guilty would waive that right" and then executed a jury waiver, the Supreme Court likewise concluded that the admonishment of the defendant by the court in those circumstances "fully and realistically apprised defendant of the consequences of his plea." (See also *People v. Suriwka*, 2 Ill.App.3d 384, 389, and *People v. Wright*, 2 Ill.App.3d 304, 306.) The cases cited by defendant are inapplicable.

Defendant further argues that the court erred in considering at the hearing in aggravation and mitigation offenses other than the one to which defendant pleaded guilty. At that hearing the court had before it

the probation report recommending denial of probation because "this is not a 'onetime' offense, but was a business to burglarize homes for coin collections and antiques." The report showed two felonies admitted by the defendant; one was a car theft in which he received probation of one year, and the other was also a car theft for which he received a sentence of 40 days in jail but he only served two weeks. The report also showed that defendant admitted to the probation officer that he took part in eight other burglaries in Kane, DeKalb and Will Counties.

Defendant complains that the judge made reference and commented at that hearing on the value of a Stradivarius violin taken in one of those burglaries, that he commented on defendant's father's "possible" recovery in a "possible" damage suit, and on the operations of the recreational program at Menard. He cites *People v. Jackson*, 95 Ill.App.2d 193, and *People v. Wallenberg*, 24 Ill.2d 350, in support of his claim of error.

The *Jackson* case is inapplicable because there it was "readily apparent that in sentencing the defendant the trial court gave consideration to and placed weight upon his prior arrests and other encounters with the law which did not result in convictions  *  *  *." The *Wallenberg* case is not applicable because it did not concern a hearing in aggravation and mitigation, but the use of the judge's private knowledge in the course of a bench trial in a criminal case.

■■ The usual rules of evidence are not applicable to a hearing in aggravation and mitigation since its sole object is to determine the degree of punishment to be imposed. For the purpose of determining the sentence to be imposed, the court is required to consider the evidence on the trial and evidence "as to the moral character, life, family, occupation and criminal record of the offender and may consider such evidence in aggravation or mitigation of the offense." Ill. Rev. Stat. 1971, ch. 38, sec. 1—7(g).

■■ In *People v. Faulkner*, 12 Ill.2d 176, 183, the Illinois Supreme Court said: "In its inquiry the court is not bound by the usual rules of evidence found in criminal prosecutions but may search anywhere within reasonable bounds for other facts tending to aggravate or mitigate the offense, including the commission of different crimes." (See also *People v. Vincent*, 394 Ill. 165, 170; *People v. O'Laughlin*, 122 Ill.App.2d 218, 221; and *People v. Drewniak*, 105 Ill.App.2d 37, 43, 44.) We find no error by the trial judge in the conduct of the hearing.

■■ Finally, defendant contends that the sentence of 9 to 15 years was excessive in view of defendant's age, 18 years. The burden of sentencing is within the sound discretion of the trial judge which will not be disturbed unless there is patent abuse of discretion. *People v. Stevens*,

68 Ill.App.2d 265, 273, 274; *People v. Smith,* 14 Ill.2d 95, 97. See also *People v. Moore,* 50 Ill.2d 24, 27, 28; *People v. Fox,* 48 Ill.2d 239, 251, 252. For the foregoing reasons the judgment is affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.