THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LUCO PAVONE, Defendant-Appellant.

(No. 73-311; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Second District (1st Division)—September 19, 1975.

George C. Pontikes, of Chicago, and Doherty & Thomas, of Royal Oaks, Michigan, for appellant.

John J. Bowman, State's Attorney; of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE HALLETT delivered the opinion of the court:

The defendant pled guilty to burglary and theft and applied for probation. The court, after a hearing, denied probation and sentenced the defendant to one to three years' imprisonment. On appeal, the defendant contends: (1) that, at the hearing on his petition for probation, the trial court improperly considered evidence of misconduct which had not resulted in a conviction; and (2) that the sentence imposed is excessive. We disagree with these contentions, and therefore affirm the judgment based on the conviction for burglary but reverse and vacate the conviction of theft.

The defendant was indicted for burglary and theft in excess of $150,

in that he without authority knowingly entered the premises at 335 South School Street in Lombard, Illinois, and knowingly obtained unauthorized control over certain stereo equipment with the intent permanently to deprive its owner of its use. On December 11, 1972, the defendant withdrew his previously entered plea of not guilty and entered a plea of guilty to each count in the indictment. After the court accepted the defendant's plea of guilty, the defendant presented a petition for probation.

At the hearing on the petition on January 12, 1973, the court inquired if defense counsel wished to comment on the probation report, which recommended a denial of probation. No objection to the matters contained in the probation report was made by defense counsel at this time or at any time throughout the hearings. The court questioned the defendant concerning his employment status, his hobbies and activities, and then inquired if there were any other matters pending against the defendant. In response, the Assistant State's Attorney stated that misdemeanor charges of reckless driving and escape arising from the reckless driving charge were pending. The Assistant State's Attorney also explained that there were also potential charges of burglary and theft based on an incident occurring after the offenses charged in this indictment. A discussion off the record ensued, and the hearing was continued to February 9, 1973.

At the continuation of the hearing, the Assistant State's Attorney stated that at the last hearing, the court had instructed his office to determine what, if any, cases against the defendant were pending, and he stated that other than the misdemeanor charges, the other potential charges were contained in the probation report. Regarding the potential charges, the following dialogue ensued:

"Assistant State's Attorney:  *  *  *  The only reason I don't bring it out before the Court is I don't want to prejudice the defendant's rights at this particular time, unless you waive that. I'm not going to mention that unless you bring them out.

Defense Counsel: They are already in the report."

A full explanation of the misdemeanor charges was presented by defense counsel, and he stated that the defendant was prepared to enter a guilty plea to those pending charges. The court addressed itself to the defendant regarding the circumstances surrounding the misdemeanor charges. No objection was made by defense counsel, and no further mention of the potential burglary and theft charges was made.

At the conclusion of the hearing, the court denied the defendant's petition for probation and sentenced him to one to three years' imprisonment.

■■ The defendant's first contention is that the introduction of the pending misdemeanor charges and the potential felony charges at the hearing on his petition for probation was prejudicial to him, and that the trial court erroneously considered these matters in denying the defendant's petition for probation. Consequently, the defendant urges that we reduce his sentence of imprisonment to probation.

The only evidence offered at the hearing was the probation report recommending a denial of probation. The record establishes that the alleged improper evidence, consisting of prior acts of misconduct which had not been reduced to convictions, was set forth in the probation report itself. Defense counsel at no time objected to the contents of the probation report. Rather, defense counsel fully explained the circumstances surrounding the alleged misconduct of the defendant.

Moreover, in a sentencing hearing, the court is not strictly bound by the usual rules of evidence. (See *People v. Adkins* (1968), 41 Ill.2d 297, 301, 242 N.E.2d 258; *People v. Kelley* (1970), 44 Ill.2d 315, 318, 255 N.E.2d 390; *People v. Fuca* (1969), 43 Ill.2d 182, 186, 251 N.E.2d 239; *People v. Newcomer* (1974), 17 Ill.App.3d 995, 309 N.E.2d 64; *People v. Torres* (1972), 7 Ill.App.3d 395, 287 N.E.2d 487.) Rather, it has been held that so long as the court exercises care to insure the accuracy of the information considered, the court may search anywhere within reasonable bounds for other facts which tend to aggravate or mitigate the offense. (*People v. Adkins* (1968), 41 Ill.2d 297, 301, 242 N.E.2d 258.) We note that the appellate courts for the Fourth and Fifth Districts have held that by requesting a hearing for probation, the defendant has permitted the State to introduce evidence of prior arrests, which would not have been admissible in a hearing held solely in aggravation and mitigation. (See *People v. Taylor* (1973), 13 Ill.App.3d 974, 301 N.E.2d 319; *People v. Moore* (1971), 133 Ill.App.2d 827, 272 N.E.2d 270.) We do not find it necessary to adopt this rule in the case at bar.

In the case at bar, the probation report was necessary to enable the court to determine if this was a proper case for probation. Here, the court was merely ascertaining the accuracy of the matters contained in the probation report by affording an opportunity to the defendant to comment on these matters and to exculpate himself. Moreover, the record fails to demonstrate that the court relied on the allegedly improper materials in denying the defendant's petition for probation. Indeed, the sentence imposed by the court upon denying probation was the absolute minimum sentence prescribed by law for the offense of burglary, a Class 2 felony. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(3).) We conclude that the trial court did not abuse its discretion and was not

unduly prejudiced by the introduction of these prior acts of misconduct in denying the defendant's petition for probation.

The defendant's next contention is that the sentence of one to three years' imprisonment is excessive and an abuse of discretion. In support of this contention, the defendant asserts that the alleged improper evidence of prior acts of misconduct which had not been reduced to convictions, unduly influenced the trial court in sentencing the defendant.

The minimum sentence prescribed by law for the offense of burglary, a Class 2 felony, is one year, although the court may impose a higher minimum term. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(3).) In the case at bar, the court sentenced the defendant to one to three years' imprisonment, thereby imposing the absolute minimum prescribed by law. Certainly, this sentence cannot be deemed excessive. We have determined above that in denying probation the trial court did not unduly rely upon the alleged improper matters contained in the probation report. Likewise, the record fails to establish that the court was unduly influenced by these matters in imposing a sentence of one to three years' imprisonment.

■■ Although the defendant had not raised it on this appeal, this is an appropriate case to consider whether his conviction for theft should be reversed and vacated since the offenses of burglary and theft were based on the same course of conduct. In the case at bar, although a single sentence was imposed, the conviction for the lesser offense of theft may operate to the defendant's prejudice. (*People v. Lilly* (1974), 56 Ill. 2d 493, 495, 309 N.E.2d 1, 2.) Whether the defendant's conviction for theft in excess of $150 should be vacated depends on whether the objective, purpose, or motivation of the defendant remained unchanged throughout his course of conduct. (See *People v. Williams* (1975), 60 Ill.2d 1, 14, 322 N.E.2d 819.) In the case at bar, the defendant entered the victim's building for the purpose of committing theft. During the defendant's course of conduct, there was no deviation from this purpose, motivation, or objective. Under these circumstances, although burglary and theft involve different elements of proof, there can be but one conviction. *People v. Lilly* (1974), 56 Ill.2d 493, 309 N.E.2d 1; *People v. Williams* (1975), 60 Ill.2d 1, 322 N.E.2d 819; *People v. Stevenson* (1969), 107 Ill.App.2d 441, 449, 246 N.E.2d 309.

We conclude that the theft conviction must be and is hereby reversed and vacated. The judgment based on the conviction for the greater offense of burglary is affirmed.

Affirmed in part, reversed in part.

SEIDENFELD, P. J., and GUILD, J., concur.