COMMONWEALTH *vs.* RONALD W. LEBLANC.

Middlesex.    February 3, 1976. — May 4, 1976.

Present: HENNESSEY, C.J., REARDON, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Constitutional Law,* Due process of law, Sentence.   *Practice, Criminal,* Sentence.

There is no constitutional objection to a sentencing judge knowing of and considering other criminal proceedings pending against the defendant.  [220-221]

---

Before sentencing a defendant who pleaded guilty to an indictment for assault with intent to rape, the judge properly inquired under G. L. c. 279, § 4A, concerning the general nature of a kidnapping charge against the defendant pending in another county, but then with the papers therein before him the judge, with possible prejudice to the defendant, asked "what his story was to having an eight-year-old girl in his car"; the order denying the defendant's motion to revise or revoke the sentence imposed was reversed and the case was remanded for further consideration of the motion. [222-225]

INDICTMENT found and returned in the Superior Court on January 8, 1973.

The case was heard by *Ford, J.*, and a motion to revise or revoke the sentence was heard by him.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Margaret D. McGaughey* for the defendant.

*Alan L. Kovacs*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. We consider here the extent to which a judge imposing a sentence may be advised of, give consideration to, or conduct an investigation of other criminal charges pending against the defendant. We conclude that (1) there is no constitutional objection to a sentencing judge knowing of unresolved criminal prosecutions against a defendant, and (2) the statutes of the Commonwealth call for that information to be before the sentencing judge, but (3) a sentencing judge should not permit a defendant's sentence to vary depending on whether the defendant has demonstrated his innocence of an unrelated, pending charge. Here the record suggests that the defendant may have been so prejudiced, and, accordingly, we order a reconsideration of the defendant's motion to revise or revoke his sentence.

In January, 1975, the defendant pleaded guilty to indictments for assault with intent to rape and assault and battery by means of a dangerous weapon, committed in October, 1972. The Commonwealth recommended a five-year sentence in the Concord reformatory. The defendant's

counsel argued for a suspended sentence. The judge expressed an interest in a June, 1973, kidnapping charge pending against the defendant in Essex County. The judge said at that time that he did not know whether probation or a term of incarceration was the more appropriate sentence. "It may be that I might be disposed for probation but certainly not at this moment with the uncertain state of affairs concerning that Essex case." He continued the matter of sentencing, adding, "If that's another case involving assault and kidnapping, that's one state of affairs. If not, that's something else again."

The subject of sentencing was taken up again two days later. Defense counsel, who did not represent the defendant in the Essex County proceeding, stated that he had spoken to the defendant's Essex County counsel who told him that there were contradictions in the complainant's story. The judge, who now had papers relating to the Essex County case (which are not in the record here),[1] pressed defense counsel further, stating, "I'm just curious as to what his story was to having an eight-year-old girl in his car." At that time, defense counsel did not challenge the judge's consideration of the Essex County case, but again recommended a suspended sentence, with probation. The judge sentenced the defendant to the Massachusetts Correctional Institution at Walpole for a term not exceeding seven years or less than five.[2]

The defendant filed a timely motion to revise or revoke the sentence. See G. L. c. 278, § 29C. At the hearing on the motion, defense counsel argued that under G. L. c. 279, § 4A, a pre-sentence report should not contain information about any pending case and that no pending case should be considered in sentencing. The defendant has appealed from the denial of his motion, arguing that he was denied his statutory rights and his constitutional right to due process

---

[1] One such paper was apparently a police report.

[2] The assault and battery indictment was placed on file, the defendant not objecting.

of law. We transferred the appeal here from the Appeals Court on our own motion.

1. There is no constitutional objection to a sentencing judge knowing of the existence of other pending charges against an offender.

The Supreme Court of the United States has not dealt directly with the question whether a sentencing judge may consider pending charges or evidence of other criminal conduct in imposing sentence. In some cases, the fact that the judge considered such circumstances has been before that Court, but the issue of the propriety of that conduct was not discussed by the Court. See *Gregg* v. *United States,* 394 U.S. 489, 490 (1969); *Williams* v. *New York,* 337 U.S. 241, 244 (1949). Although the sentencing process is not free from due process scrutiny (*United States* v. *Tucker,* 404 U.S. 443 [1972]; *Townsend* v. *Burke,* 334 U.S. 736 [1948]), that Court has indicated that a sentencing judge has discretion to consider a broad range of information in imposing sentence. *Williams* v. *New York, supra* at 246-250. See *Commonwealth* v. *Celeste,* 358 Mass. 307, 310 (1970).

Numerous opinions of other courts indicate that there is no constitutional bar against a sentencing judge considering a convicted defendant's record of arrests, unresolved criminal charges against him, or other evidence of criminal conduct by him for which there has been no conviction.[3] In

---

[3] *Federal Cases:*
*United States* v. *Cruz,* 523 F.2d 473, 476 (9th Cir. 1975). *United States* v. *Cardi,* 519 F.2d 309, 313-315 (7th Cir. 1975). *Horowitz* v. *Henderson,* 514 F.2d 740, 741 n.1 (5th Cir. 1975). *Washington* v. *Regan,* 510 F.2d 1126, 1128 n.3 (3d Cir. 1975). *United States* v. *Hendrix,* 505 F.2d 1233, 1235 (2d Cir. 1974), and cases cited, cert. denied, 422 U.S. 1056 (1975). *Collins* v. *Buchkoe,* 493 F.2d 343, 345-346 (6th Cir. 1974). *United States* v. *Majors,* 490 F.2d 1321, 1324 (10th Cir. 1974), cert. denied, 420 U.S. 932 (1975). *United States* v. *Strauss,* 443 F.2d 986, 990-991 (1st Cir.), cert. denied, 404 U.S. 851 (1971). See *Jones* v. *United States,* 307 F.2d 190, 192 (D.C. Cir. 1962), cert. denied, 372 U.S. 919 (1963); *Young* v. *United States,* 259 F.2d 641, 646 (8th Cir. 1958), cert. denied, 359 U.S. 917 (1959). Cf. *United States* v. *Eberhardt,* 417 F.2d 1009, 1015 (4th Cir. 1969), cert. denied sub nom. *Berrigan* v. *United States,* 397 U.S. 909 (1970).
*State Cases:*

a minority of States where the sentencing judge may not consider such information, the exclusion of such information does not appear to derive from a constitutional requirement.[4] Due process would require resentencing if the sentencing judge had relied on information which was inaccurate or misleading (*Townsend* v. *Burke,* 334 U.S. 736 [1948]), a prior conviction later revealed to be constitutionally infirm (*United States* v. *Tucker,* 404 U.S. 443, 448-449 [1972]), or allegations of other criminal conduct which were wholly unreliable (*United States* v. *Weston,* 448 F.2d 626, 633 [9th Cir. 1971]). Of course, a sentencing judge may not undertake to punish the defendant for any conduct other than that for which the defendant stands convicted in the particular case. *United States* v. *Eberhardt,* 417 F.2d 1009, 1015 (4th Cir. 1969), cert denied sub nom. *Berrigan* v. *United States,* 397 U.S. 909 (1970). *Rosado* v. *State,* 70 Wis. 2d 280, 289-291 (1975).

---

*State* v. *O'Donnal,* 110 Ariz. 552, 555 (1974). *State* v. *Pierson,* 296 So. 2d 324, 325 (La. 1974). *Henry* v. *State,* 273 Md. 131, 148-150 (1974). *People* v. *Lee,* 391 Mich. 618, 631-639 (1974). *State* v. *Holzapfel,* 192 Neb. 672, 674-676 (1974). *State* v. *Ferbert,* 113 N.H. 235, 238 (1973). *State* v. *Green,* 62 N.J. 547, 561-572 (1973). *State* v. *Caddell,* 265 N.C. 563, 564 (1965). *Crowder* v. *State,* 518 P.2d 890, 892 (Okla. Cr. 1974). *State* v. *Scott,* 237 Ore. 390, 400 (1964). *Commonwealth* v. *Shoemaker,* 226 Pa. Super. 203, 212-214 (1973). *State* v. *Dainard,* 85 Wash. 2d 624 (1975). *Brozovich* v. *State,* 69 Wis. 2d 653, 660-661 (1975).

See Annot., 96 A.L.R.2d 768, 779-780 (1964).

[4] *Smith* v. *State,* 531 P.2d 1273, 1277 (Alas. 1975). *Wallace* v. *State,* 134 Ga. App. 708, 711 (1975). *People* v. *Riley,* 376 Ill. 364, 367-369, cert. denied, 313 U.S. 586 (1941). *People* v. *Edwards,* 48 App. Div. 2d (N.Y.) 906 (1975). *Commonwealth* v. *Shoemaker,* 226 Pa. Super. 203, 212, 215 (1973). In some States where the courts have generally disapproved of sentencing judges considering arrests or other charges of criminal conduct for which there has been no conviction, exceptions to that general disapproval suggest that the restriction on the sentencing judge is not considered to be constitutionally mandated. Compare *People* v. *Riley,* 376 Ill. 364, 367-369, cert. denied, 313 U.S. 586 (1941), with *People* v. *Pavone,* 31 Ill. App. 3d 1013 (1975), *People v. Cook,* 31 Ill. App. 3d 363 (1975), *People* v. *Hagans,* 30 Ill. App. 3d 964 (1975), and *People* v. *Coultas,* 30 Ill. App. 3d 81, 83 (1975), and compare *Smith* v. *State,* 531 P.2d 1273, 1277 (Alas. 1975), with *Whitton* v. *State,* 533 P.2d 266, 269 (Alas. 1975), and *Lemon* v. *State,* 522 P.2d 160, 163-164 (Alas. 1974). See also *People* v. *McClellan,* 71 Cal. 2d 793, 804-811, 813-814 (1969).

2. Section 4A of G. L. c. 279, which is set forth in the margin,[5] requires that before disposition, where the offense is punishable by imprisonment for more than one year, the judge must obtain from the court's probation officer "all available information relative to prior criminal prosecutions, if any, of the defendant and to the disposition of each such prosecution." The record must not include any information concerning a prior criminal proceeding in which the defendant was found not guilty. Section 85 of G. L. c. 276 imposes a parallel duty on each probation officer to furnish such information prior to disposition and also "before such person is admitted to bail."

We do not accept the defendant's argument that the relevant statutes direct that the pre-sentence record furnished to a sentencing judge should not include information concerning other pending criminal proceedings.[6] Therefore, because there are no constitutional objections to the judge knowing of the existence of pending criminal proceedings, the defendant has no basis to object to the judge's knowledge of the kidnapping charge pending in Essex County.

3. The defendant argues further, however, that even if a judge properly could have information that another criminal proceeding was pending against him, he should not inquire into the circumstances of that other proceeding. One risk is that the sentencing judge will conclude that the defendant is guilty of the other crime and will increase the penalty he otherwise would have imposed. If thereafter the defendant is convicted of that other crime and sentenced, there may be some duplication in the two penalties im-

---

[5] "Section 4A. Before disposition by sentence or placing on file or probation of any criminal prosecution for an offence punishable by imprisonment for more than one year, the court shall obtain from its probation officer all available information relative to prior criminal prosecutions, if any, of the defendant and to the disposition of each such prosecution. Such record of the probation officer presented to the court shall not contain as part thereof any information of prior criminal prosecutions, if any, of the defendant wherein the defendant was found not guilty by the court or jury in said prior criminal prosecution."

[6] This information clearly is relevant in bail considerations.

posed. If, on the other hand, the defendant is found not guilty of that other crime, consideration of the pending charge may have been inappropriate and perhaps prejudicial.[7]

In *Brown* v. *Commonwealth,* 335 Mass. 476, 482 (1957), this court reversed a conviction because of a combination of prejudicial happenings which amounted to a failure to secure a fundamentally fair trial in violation of art. 12 of the Declaration of Rights of the Massachusetts Constitution. One of the circumstances referred to by the court was the fact that "[p]rior to sentence the judge inquired about and considered charges of robberies against the petitioner pending in [another county] and not tried." Fairness suggests that a sentencing judge should not permit the sentence to vary because of his belief that the defendant is guilty of unrelated, pending criminal charges. At such later time as any other pending charge may be resolved against the defendant, the circumstances relating to that charge appropriately become a consideration in that sentencing process, along with the fact of any sentence earlier imposed on the defendant.

We do not fault the judge, however, for inquiring concerning the general nature of the Essex County charge. The defendant's counsel asserted that the defendant had not been involved in any criminal activity since an incident in 1973. The judge then adverted to the record of the charge then pending in Essex County against the defendant for kidnapping. Certainly the judge had a right to be concerned with evidence relating to the character of the defendant and tending to contradict the representation by counsel. Indeed, at that time defense counsel did not chal-

---

[7] The Standards Relating to Probation recommended by the advisory committee on sentencing and review of the American Bar Association Project on Standards for Criminal Justice indicate that a pre-sentence report should normally contain "a full description of any prior criminal record of the offender." See Approved Draft § 2.3 (ii) (B) (1970). The commentary (at 37) states that "prior criminal record" means "only those charges which have resulted in a conviction" and that arrests and the like "can be extremely misleading and damaging" if presented as part of a section of the report which deals with past convictions.

lenge the judge's right to consider the circumstances of the Essex County charge.

A judge's knowledge of the existence and general nature of other pending criminal charges may serve a worthwhile public purpose. If the nature of the crimes is similar, a judge may be prompted to require special investigations before sentencing. See, e.g., G. L. c. 123A, § 4, providing for pre-sentence commitment for examination and diagnosis of a person who may be sexually dangerous. Moreover, in assessing the defendant's character, the judge rightly can be influenced by the existence of other charges pending against the defendant. Similarly, the absence of any other charges would warrant greater confidence in a judgment that the defendant's misconduct was a single aberration from his normal course of behavior. Indeed, if the entire criminal record of the defendant could not be disclosed to, and considered by, the judge, to the extent permitted by the statute, a defendant whose record is otherwise unblemished might be unable to demonstrate that fact from the information made available to the judge in the normal course. Thus we have no hesitancy in concluding that the existence of pending criminal charges may be disclosed to the sentencing judge and considered by him.

The difficulty arises in this case because the judge pursued the subject further than he should have, perhaps to the defendant's prejudice. After he had received and considered material relating to the Essex County proceeding, he asked for the defendant's explanation of why he had an eight-year old girl in his car, in effect requiring the defendant to defend himself on the Essex County charge in order to justify probation in the Middlesex County case. We think that it is inappropriate to permit a criminal sentence to be influenced by the ability of a defendant to establish his innocence of an unrelated pending charge, particularly where he is asked to come forward with "his story," thus placing a penalty on any assertion by him of his constitutional right to remain silent.

On this record we think that the defendant may have been prejudiced unfairly by the judge's inquiry into the

details of the Essex County proceeding and that justice would be better served if the defendant were resentenced. Thus, in the exercise of our power of general superintendence, and without concluding that the defendant has proved a prejudicial denial of any constitutional right, we reverse the order denying the defendant's motion to revoke and revise his sentence. The case is remanded to the Superior Court for further consideration of that motion in light of this opinion.[8]

*So ordered.*

---

[8] We have learned that on March 17, 1976, the defendant changed his plea to guilty in what we have called the Essex County proceeding. He was given concurrent sentences of three to five years on both a kidnapping and an assault and battery charge, to be served from and after the sentence he was then serving. The sentences were suspended, conditioned on two years' probation on each offense.

In view of this change in circumstances, the defendant may not wish to press his motion to revise or revoke the sentence imposed in the Superior Court in Middlesex County. We do not have, of course, any record of the sentencing proceedings in Essex County, but the defendant may have a difficult time now in establishing that he has been prejudiced in any respect, particularly when he had the right to argue the circumstances of his Middlesex County sentencing when his Essex County sentences were under consideration.