THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARK DECKER, Defendant-Appellant.

Fourth District   No. 13493

Opinion filed May 13, 1976.

Richard J. Wilson, of State Appellate Defender's Office, of Springfield, for appellant.

Richard J. Doyle, State's Attorney, of Danville (G. Michael Prall, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

On December 4, 1973, defendant Mark Decker pleaded guilty to the offense of a burglary occurring on June 9, 1973. On January 23, 1974, he was sentenced to probation for a period of 2 years. On June 10, 1975, he was found to have violated the conditions of probation by an act of criminal damage to property occurring on January 3, 1975. On July 10, 1975, he was sentenced to 2 to 6 years' imprisonment. The sentencing order stated that defendant was not to receive credit for time spent on probation. In his appeal defendant requests resentencing and asks that, in any event, he be given credit for time spent on probation.

The report of presentence investigation submitted for the original sentencing stated that defendant had admitted six or seven other burglaries within a 2-month period at about the same time as the burglary for which he was convicted. At that sentencing hearing, upon examination by his own counsel, defendant testified that the presentence report was accurate. Later in that hearing, while still under oath, defendant told the judge that he had committed other burglaries. The probation order provided, "The defendant shall make restitution in an amount to be determined by the Probation Officer."

The judge who presided at the original sentencing to probation also presided at the subsequent hearings where defendant was found to be in violation of the terms of probation and sentenced. At the latter hearing, the judge was presented with a report supplementing the presentence report submitted at the original sentencing. The report concluded with a statement that "the prognosis for successful community rehabilitation under probation or conditional discharge is considered to be poor." The State argued for a sentence of imprisonment and the defendant requested that he remain on probation subject to further conditions.

Before pronouncing sentence, the judge addressed the defendant expressing regret that defendant had not lived up to the requirements of

probation. The judge stated that he had placed defendant on probation knowing that defendant had committed several burglaries. He further stated that shortly after being placed on probation, defendant had given up his employment. The judge acknowledged that the probation officer had made no determination of the amount of restitution to be made but indicated that he felt that the defendant should have made some attempt to make some restitution or at least inquired about what he should do. In concluding his remarks prior to sentencing, the judge stated that he noted that the presentence report then before him indicated that the defendant had said that he did not use drugs and had no alcohol problem. The court then stated that the defendant seemed to be either "boozing it up, using pot or something" and that such activity must be what was causing the defendant to do the things he did.

Defendant's claim that he is entitled to be resentenced arises out of the foregoing remarks of the judge. He contends that the reference to prior offenses of defendant which never resulted in convictions indicates that the trial judge improperly enhanced the sentence because of the offenses, in violation of the holding of this court in *People v. Hampton,* 5 Ill. App. 3d 220, 282 N.E.2d 469. There, a sentence was reversed and the case remanded for sentencing because the trial court, at sentencing, permitted the State, over defendant's objection, to present evidence of other offenses allegedly committed by defendant but for which he had never been charged. The rationale of the opinion was that the procedure used allowed the prior criminal conduct to be used to enhance sentence when the offense was not required to be proved beyond a reasonable doubt and when there was no agreement by the State that the defendant would not be subsequently prosecuted and then punished for the same offense.

■■ Here, the statement by the judge that at the time defendant was placed on probation, he, the judge, knew that defendant had committed other offenses appears to be merely a lament that the defendant had failed, after the court had given him the opportunity to prove himself on probation despite serious criminal involvement. If the statement is to be taken as an indication that the prior criminal conduct of defendant was considered in determining the severity of the sentence, the burden of proof problem of *Hampton* is not present because the six or seven other burglaries were admitted by defendant in open court on the direct examination of his own counsel. (*See People v. Torres,* 7 Ill. App. 3d 395, 287 N.E.2d 487.) The double jeopardy problem of *Hampton* is more complicated. In any event, at the time the remarks were made, the court had before it the question of whether defendant should remain on probation despite his violation. In *People v. Taylor,* 13 Ill. App. 3d 974, 301 N.E.2d 319, decided after *Hampton,* this court held that in proceedings where defendant has requested probation, evidence of other

offenses indicated only by arrests may be considered even though the charges are not reduced to conviction. No sound reason exists why the rule is not applicable when the question of whether the defendant's request that he remain on probation is in issue. The rulings of *Hampton* do not require reversal of this sentence.

■■ Defendant maintains that the judge's remarks indicate other error. He is correct in stating that the court could not have required the defendant to make restitution for the other burglaries *(People v. Mahle,* 57 Ill. 2d 279, 312 N.E.2d 267) and that the "amount and conditions of payment" had not yet been determined by the court as required by section 5—6—3(b)(10) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—3(b)(10)). This deficiency in the probation order did not make the court's reference to the defendant's disinterest in making restitution reversible error. Likewise, we find no reversible error in the judge's reference in the disjunctive to the possibility that defendant was using excessive amounts of alcohol or "pot." This was stated in response to the statement by defense counsel that defendant had no such problems and in the face of defendant's claim that he was intoxicated at the time he committed bizarre acts of criminal damage to property. Defendant also attempts to draw analogy to *People v. Strickland,* 24 Ill. App. 3d 560, 321 N.E.2d 309, where the court ruled that in sentencing after probation violation, the trial judge had considered the offense causing the violation for punitive purposes that went beyond the defendant's potential for rehabilitation. Here, both the presentence reports and the judge's remarks, which mostly concerned matters in those reports, were directly addressed to the defendant's potential for rehabilitation.

The State confesses defendant's claim that he is entitled to credit on sentence for the time spent on probation. Finding no other reversible error, we affirm the judgment appealed from in all respects except the failure of the sentence to give such credit. The cause is remanded to the Circuit Court of Vermilion County with directions that an amended mittimus issue giving defendant credit for time spent on probation.

Affirmed in part and remanded with directions.

TRAPP, P. J., and CRAVEN, J., concur.