COMMONWEALTH *vs.* GILBERT R. WRIGHT. October 6, 1980. After pleading guilty to indictments charging breaking and entering in the nighttime (two indictments Nos. 6575 & 6576), robbery while masked (No. 6577) and carrying a firearm (handgun) without being properly licensed (No. 6578), the defendant was sentenced to consecutive two-year terms on the breaking and entering indictments (Nos. 6575 & 6576), to a (mandatory) one-year concurrent term with the sentence on No. 6575 and to five years' probation from and after the sentence on indictment No. 6576.

1. The defendant claims that the sentencing judge violated his constitutional rights by doubling his sentence because of his refusal to testify against his codefendant. At the time of sentencing the defendant indicated that he would not testify against a codefendant; however, the judge indicated that if the defendant changed his mind and testified, he would revoke the defendant's sentence and revise it to the Commonwealth's original recommendation of two years in a house of correction. Compare *Osborne* v. *Commonwealth,* 378 Mass. 104, 115 (1979), and cases cited.

We reject the defendant's claim of deprivation of his constitutional rights by the sentencing judge. It would take a strained view of the sen-

tencing procedure for us to reach the conclusion that the judge undertook "to punish the defendant for any conduct other than that for which the defendant [stood] convicted" at that time. *Commonwealth* v. *LeBlanc*, 370 Mass. 217, 221 (1976). It is plain from the record that the sentence given was the sentence the judge intended to impose from the beginning, and that sentence was lawful. See *Commonwealth* v. *Franks*, 365 Mass. 74, 81 (1974). We add in passing that the defendant's Fifth Amendment argument was not presented to the sentencing judge. See *United States* v. *Vermeulen*, 436 F.2d 72, 76-77 (2d Cir. 1970).

2. The defendant also claims that a different judge[1] hearing his motion to revise and revoke failed to consider a change in circumstances. Notwithstanding our view that the defendant's original sentence was lawful and just, we think that the hearing judge erred in ruling that the defendant's motion to revise and revoke raised no change of circumstances in light of the statement of the original sentencing judge that he would revise the defendant's sentence if the defendant changed his mind on testifying. In reaching this result we observe that the judge did not have the benefit of *Roberts* v. *United States*, 445 U.S. 552 (1980). We briefly summarize the evidence at the hearing on the defendant's motion to revise and revoke. By the time of his trial certain of the defendant's pretrial confinement experiences had made him fearful of testifying against his codefendant, allegedly a hardened criminal. Approximately one week after sentencing the defendant expressed his willingness to cooperate and testify against the codefendant. Very shortly after so indicating, however, he was struck in the face with a "pipe" or similar weapon. The blow shattered his cheekbone and caused extensive nerve damage and disfigurement. He again expressed a willingness to testify, albeit, understandably, on the condition that his entire sentence be suspended so that he not be in danger of renewed attack. The defendant's original change of mind was a change which the sentencing judge had indicated he would take into account. Evidence that refusal to testify (without suspension of the entire sentence) was motivated by legitimate fears of physical retaliation "merited serious consideration." *Id.* at 559. See also *id.* at 565 & n.2. (Marshall, J., dissenting). In the present case, it is manifest that there was substance to the defendant's fear that persons who testified for the Commonwealth "went to the hospital."

In light of the recent opinion of the United States Supreme Court in *Roberts* v. *United States, supra,* and the original sentencing judge's indication that he would reduce the sentence if the defendant changed his mind, we reverse the denial of the defendant's motion to revise and revoke and remand this case to the Superior Court to consider the defendant's fear of physical retaliation as a factor in his refusal to testify.

*So ordered.*

---

[1] The sentencing judge was no longer a member of the Superior Court.

*Hugh W. Samson* for the defendant.

*Thomas G. Simons,* District Attorney, *& Stephen R. Kaplan,* Assistant District Attorney, for the Commonwealth, submitted a brief.