N. RAJ BIRUDAVOL *vs.* BOARD OF REGISTRATION IN MEDICINE. April 13, 2007. *Supreme Judicial Court,* Appeal from order of single justice. *Doctor,* License to practice medicine. *Board of Registration in Medicine.*

The petitioner, Dr. N. Raj Birudavol, appeals from a judgment of a single justice of this court affirming the Board of Registration in Medicine's (board's) indefinite suspension of his license to practice medicine. We affirm.

*Background.* Birudavol has been licensed to practice medicine in Massachusetts since 1982 and is board certified in emergency medicine. On March 19, 2003, the board issued a statement of allegations against Birudavol accusing him of providing substandard medical care to four patients, A, B, C, and D. Patients A, B, and C were treated by Birudavol in the emergency room at Holyoke Hospital in 1997. Patient D was treated by Birudavol in the emergency room at Berkshire Medical Center in 2000. An administrative magistrate of the Division of Administrative Law Appeals (DALA) held an adjudicatory hearing over five days in October, 2003. The magistrate's March 10, 2004, recommended decision concluded that Birudavol's emergency treatment of Patients A, B, C, and D fell below accepted standards of care and called into question his competence to practice medicine. The magistrate found, generally, that Birudavol failed to treat the patients or prescribe medications in a timely manner; failed to prescribe the proper medications; and failed to give complete examinations or order the proper tests. The board adopted the magistrate's decision and indefinitely suspended Birudavol's medical license, staying the suspension on Birudavol's entry into a five-year probationary agreement. In August, 2004, Birudavol sought judicial review of the decision. See G. L. c. 112, § 64. Following argument, the single justice vacated the board's decision and remanded the case, directing the board to address conflicting evidence and to provide credibility determinations. The board, in turn, remanded the case to the DALA magistrate. The magistrate made the requested credibility determinations, the board adopted the magistrate's recommendation, and Birudavol again sought judicial review. The single justice then affirmed the decision of the board.

*Discussion.* "Under G. L. c. 112, § 64, a person whose license to practice medicine has been revoked may petition the court to 'enter a decree revising or reversing the decision of the board, in accordance with the standards for review provided' in G. L. c. 30A, § 14 (7). *Fisch* v. *Board of Registration in Med.,* 437 Mass. 128, 131 (2002). The court may modify or set aside the board's final decision only if the petitioner demonstrates that the decision was legally erroneous, procedurally defective, unsupported by substantial evidence, arbitrary or capricious, or contained one or more of three other enumerated defects not at issue here. *Id.* The court reviews the decision of the board directly, despite this matter being brought as an appeal of a decision of the single justice. *Cherubino* v. *Board of Registration of Chiropractors,* 403 Mass. 350, 352 n.4 (1988)." *Weinberg* v. *Board of Registration in Med.,* 443 Mass. 679, 685 (2005).

Birudavol does not specifically argue, in his appeal, that the board's decision, which adopted the magistrate's credibility determinations and recommended decision, is unsupported by substantial evidence. Instead he argues that the magistrate's credibility determinations, made after remand, are insufficient because they lack specific citations and because the magistrate failed to consider and explicitly distinguish the evidence that did not support her

findings. Both Birudavol and the board presented expert witnesses. Additionally, nurses who were present when Birudavol was treating some of the patients, as well as other hospital staff and a family member of one of the patients, testified on behalf of the board. Birudavol's additional witnesses included himself and his divorce attorney.

The magistrate repeatedly found the board's expert, Dr. Robert Bennett, to be more credible than Birudavol's expert, Dr. James Mathews. She noted, for example, that as to Patient B, Bennett testified that Birudavol failed to meet the standard of care by failing to take an adequate history from the patient, failing to perform a sufficient physical examination, and failing to do a laboratory investigation. She found Mathews's assertion, on the other hand — that Birudavol did not deviate from the standard of care — unconvincing because Mathews himself admitted that Birudavol's examination of the patient was unacceptable. Similarly, as to Patient D, Mathews acknowledged that Birudavol failed to administer certain standard treatment, but testified nonetheless that Birudavol had met the standard of care. The magistrate also specifically discredited testimony of Birudavol that she did not believe — that, for example, he turned Patient D over to residents for care — because no evidence had been introduced to support Birudavol's claims other than his own testimony. The magistrate clearly explained the bases for her credibility determinations. Those determinations, combined with the findings of fact included in the recommended decision, provide substantial evidence for the board's decision. Furthermore, Birudavol cites no specific evidence that contradicts the magistrate's findings. He has not, therefore, met his burden to "demonstrate the invalidity of the board's determination." *Fisch* v. *Board of Registration in Med.*, *supra*.

Birudavol also argues that the single justice's decision is inadequate because it does not explain the basis for his decision, after remand, that substantial evidence supported the board's decision. The single justice noted that the magistrate had detailed her reasons for rejecting certain evidence introduced by Birudavol, how she weighed the credibility of the witnesses, and how she took the evidence into account in reaching her final decision. He then concluded that the board's decision, which adopted the magistrate's findings and credibility determinations, was based on substantial evidence. He need do no more than this. "It is for the agency, not the courts, to weigh the credibility of witnesses and resolve factual disputes." *School Comm. of Wellesley* v. *Labor Relations Comm'n*, 376 Mass. 112, 120 (1978). See *Fisch* v. *Board of Registration in Med.*, *supra* at 138. The magistrate's credibility determinations, adopted by the board, "provided adequate indications of [her] credibility findings," and a reviewing court may only "vacate an agency's decision as unsupported by substantial evidence if the decision provides no means of analyzing the agency's assessment of credibility." *Id.*, citing *Herridge* v. *Board of Registration in Med.*, 420 Mass. 154, 163-165 (1995), *S.C.*, 424 Mass. 201 (1997).

Finally, Birudavol argues that the sanction imposed is excessive.[1] The board has "broad latitude in shaping appropriate sanctions in each case." *Kvitka* v.

[1]The single justice did not address this issue, perhaps because Birudavol first raised it in his response to the board's memorandum in opposition to his renewed motion for judgment on the pleadings after remand.

*Board of Registration in Med.*, 407 Mass. 140, 143, cert. denied, 498 U.S. 823 (1990), citing *Levy* v. *Board of Registration & Discipline in Med.*, 378 Mass. 519, 525 (1979). "We defer to the board's expertise in making that determination," *Sugarman* v. *Board of Registration in Med.*, 422 Mass. 338, 347 (1996), citing *Aronoff* v. *Board of Registration in Med.*, 420 Mass. 830, 834 (1995), and review the sanction imposed for an abuse of discretion. *Kvitka* v. *Board of Registration in Med.*, *supra.* The board sanctions physicians not as punishment but to protect the public health, welfare, and safety. *Levy* v. *Board of Registration & Discipline in Med.*, *supra* at 527. The board indefinitely suspended Birudavol's medical license, staying the suspension on Birudavol's entry into a five-year probationary agreement. Under the probation agreement, Birudavol can continue to practice medicine, but he must be monitored by the board. Given Birudavol's substandard treatment of Patients A, B, C, and D, the board did not abuse its discretion in imposing a sanction that requires that Birudavol's practice be monitored for five years. That the imposed sanction might impact Birudavol's future efforts to secure employment following the probationary period does not render the sanction excessive.[2,3]

*Judgment affirmed.*

*Lee J. Dunn, Jr.*, for the plaintiff.
*Juliana deHaan Rice*, Assistant Attorney General, for the defendant.

---

[2]Birudavol does not specifically argue that the sanction imposed is inconsistent with sanctions imposed on other doctors in similar circumstances. Even if Birudavol's arguments could be so interpreted, he provides no support for this position.

[3]We do not address Birudavol's assertion, raised for the first time at oral argument, that Medicaid regulations prohibit a physician whose license has been suspended from ever submitting a bill to Medicaid for payment.