KENNETH L. KAPLAN *vs.* BOARD OF PUBLIC ACCOUNTANCY. November 26, 2008. *Accountant. Board of Public Accountancy. Consumer Protection Act,* Accountant. *Administrative Law,* Evidence. *Evidence,* Hearsay.

The Board of Public Accountancy (board) suspended the license of Kenneth L. Kaplan (petitioner) to practice public accounting for three years. The petitioner appealed unsuccessfully to a single justice of this court, under G. L. c. 112, § 64. The petitioner now appeals to this court. We affirm.

*Background.* The petitioner was first licensed to practice accountancy in 1976. Some time thereafter, he allowed his license to lapse while he pursued other business ventures. Among those ventures was a retail home appliance business. In 2003, the Attorney General commenced a G. L. c. 93A action in the Superior Court against the petitioner, claiming, among other things, that he had falsely charged customers for goods they did not receive. The case was resolved in April, 2005, by a consent judgment, under which the petitioner, while admitting no wrongdoing, agreed not to engage in any similar business for five years.

Before the G. L. c. 93A matter was resolved, the petitioner was charged in the District Court with larceny over $250, in connection with another appliance business that he ran: he had failed to pay a supplier for kitchen appliances that he had ordered for a customer. In October, 2004, following a jury-waived trial, the petitioner was found guilty, sentenced to two years of probation, and ordered to pay restitution in the amount of $9,400. He appealed.[1] In addition to the larceny conviction, the petitioner has been the subject of several other criminal charges between 1999 and 2002, including several counts of larceny by check — though none of those charges resulted in a conviction.

In May, 2005 — one month after he settled the G. L. c. 93A matter and agreed not to engage in retail businesses of the type he had previously engaged in — the petitioner applied to renew his accountant's license. One of the questions on the application was whether the petitioner had "been found guilty of any criminal offense." Under the pains and penalties of perjury, the petitioner falsely answered, "[N]o." The following year, in March, 2006, in filling out an application to become a notary public, he answered, "[Y]es," to a similar question — "Have you ever been convicted of a crime or admitted to facts sufficient to warrant a finding of guilty?" The petitioner appended a

---

[1]In December, 2007, the Appeals Court affirmed the conviction but, in accordance with a concession by the Commonwealth, reduced the amount of restitution to $4,700. See *Commonwealth* v. *Kaplan*, 70 Mass. App. Ct. 1115 (2007). In January, 2008, this court denied further appellate review. See *Commonwealth* v. *Kaplan*, 450 Mass. 1108 (2008).

note to the notary public application, explaining: "All admitted to facts sufficient to warrant a finding of guilty have been dismissed. I have one remaining case which is the subject of an appeal[, i.e., the larceny conviction]."

Based on the petitioner's larceny conviction and his false statement on his renewal application, the board, in May, 2006, issued to the petitioner an order to show cause why it should not suspend, revoke, or take other action against his license. Prosecuting counsel for the division of professional licensure moved for summary decision. See 801 Code Mass. Regs. § 1.01(7)(h) (1998). The board allowed the motion, concluding that the undisputed evidence showed the petitioner had been convicted of larceny over $250, and had lied about that conviction on his renewal application. See G. L. c. 112, §§ 61, 87C½. The board rejected the petitioner's claim that he had mistakenly thought his larceny conviction had been "stayed" pending appeal — he presented no evidence to support his claim, and the board rejected his explanation of the different answers he gave on his applications to renew his accountant's license and to become a notary public as "linguistic splitting of hairs." See 801 Code Mass. Regs. § 1.01(7)(h) (summary decision appropriate where no "genuine issue of fact"). The board also concluded that, even if the petitioner had not intended to deceive the board, he knew or should have known that his statement in the renewal application was false.

A sanctions hearing took place, at which the petitioner and his defense counsel in the larceny case testified. Thereafter, the board issued a final decision in which it incorporated its earlier decision allowing the motion for summary decision; found no mitigating circumstances; found aggravating circumstances (a pattern of similar financial misconduct shown by the G. L. c. 93A matter and the petitioner's criminal charges above and beyond the larceny conviction; and the petitioner's demeanor during the hearing); and ordered his accountant's license suspended for three years.

*Discussion.* We review the board's decision in accordance with the standards set forth in G. L. c. 30A, § 14(7). See *Birudavol* v. *Board of Registration in Med.*, 448 Mass. 1031, 1031 (2007). The board neither abused its discretion nor made any other error of law in sanctioning the petitioner based on his felony conviction and his false denial of that conviction on his renewal application. See G. L. c. 112, § 87C½ (board may suspend license up to five years for, inter alia, fraud or deceit in obtaining license; or conviction of a felony or any crime of which dishonesty or fraud is an element). See also G. L. c. 112, § 61 (if license holder knowingly makes false statement in license application where statement made under penalties of perjury, board "shall" revoke license).[2] Nor was the board's decision unsupported by substantial evidence: neither the petitioner's felony conviction nor his false denial of the conviction was disputed.[3]

As for the sanction, the board did not abuse its discretion in suspending the

[2]See also G. L. c. 112, § 61 (5) (discipline authorized where license holder "engaged in dishonesty, fraud or deceit which is reasonably related to the practice of the profession"); *Gurry* v. *Board of Pub. Accountancy*, 394 Mass. 118, 121-125 (1985) (suspending accountant's license for two years where he misappropriated funds of company for which he served as treasurer).

[3]The petitioner complains that the board articulated an unfairly low standard in stating that he knew *or should have known* that his denial of his conviction was false. The petitioner, however, raised no genuine issue of fact on the question whether he knew the

petitioner's license for three years. See *Birudavol* v. *Board of Registration in Med., supra* at 1032-1033 (board has broad latitude to shape sanction; we defer to board's expertise in making that determination).[4] Cf. Matter of Honan, No. PA-97-001 (Bd. of Public Accountancy Dec. 10, 1996) (accountant's license suspended for three years based on convictions of larceny over $250 and insurance fraud). The board was permitted to consider as aggravating circumstances the G. L. c. 93A matter and the petitioner's criminal charges other than the larceny conviction. See G. L. c. 30A, § 11 (2) ("Unless otherwise provided by any law, agencies need not observe the rules of evidence observed by courts . . . . Evidence may be admitted and given probative effect only if it is the kind of evidence on which reasonable persons are accustomed to rely in the conduct of serious affairs"). Accord *Murphy* v. *Massachusetts Correctional Inst., Cedar Junction*, 396 Mass. 830, 834 (1986) ("hearsay evidence, especially if . . . it is uncontradicted on the record, may well be sufficiently reliable to support a conclusion"). Cf. *Commonwealth* v. *Goodwin*, 414 Mass. 88, 92-93 (1993) (sentencing judge in criminal case may consider reliable hearsay information about defendant's character, behavior, and background, including arrests and criminal conduct of which defendant not convicted).

We have reviewed the petitioner's procedural challenges to the sanctions hearing — the striking of testimony about the facts underlying the larceny conviction; and the limiting of the petitioner's testimony to answering the questions posed by prosecuting counsel — and find them lacking in merit. See *Kobrin* v. *Board of Registration in Med.*, 444 Mass. 837, 846 (2005) (conviction conclusive proof petitioner convicted of Medicaid fraud); G. L. c. 30A, § 11 (2); 801 Code Mass. Regs. §§ 1.01(10)(d) (1998). We do not address the petitioner's claim about how much time he was allotted to present his case, as he raised that claim for the first time in this appeal. See *Friedman* v. *Board of Registration in Med.*, 408 Mass. 474, 479 (1990), cert. denied, 498 U.S. 1107 (1991).

*Judgment affirmed.*

*Deirdre H. Robbins* for the plaintiff.

*Timothy J. Casey*, Assistant Attorney General, for the defendant.


---

statement was false. Accordingly, it was not necessary for the board to posit that the petitioner "should have known" the statement was false. Questions of the petitioner's knowledge aside, the board would have been warranted in suspending the petitioner's license based on his felony conviction alone. See G. L. c. 112, § 87C½.

[4] See *Gurry* v. *Board of Pub. Accountancy, supra* at 123 ("our decisions involving the medical board provide some guidance as to the nature of the statutory disciplinary authority granted to other such regulatory boards").