COMMONWEALTH vs. RALPH W. GOODWIN.

Middlesex. November 4, 1992. - January 4, 1993.

Present: WILKINS, NOLAN, LYNCH, & GREANEY, JJ.

*Practice, Criminal*, Sentence. *Due Process of Law*, Sentence.

At a criminal defendant's sentencing hearing the prosecutor improperly
presented information to the judge as to prior prosecutions wherein the
defendant was found not guilty; however, where the record clearly
showed that the judge did not consider the acquittals in imposing sen-
tence, the defendant was not entitled to resentencing. [91-92]
Discussion of principles underlying a judge's imposition of an appropriate
individualized sentence in a criminal case, with reference to considera-
tion of relevant evidence of the defendant's prior misconduct. [92-93]
At the sentencing hearing of a defendant who had offered pleas of guilty to
three indictments charging rape of a child by force and one indictment
charging kidnapping, the judge properly considered, in imposing a con-
secutive suspended sentence on one indictment, certain reliable and un-
rebutted information in the prosecutor's sentencing memorandum con-
cerning other sexual misconduct by the defendant with young children.
[93-94]

INDICTMENT found and returned in the Superior Court De-
partment on March 1, 1990.

The case was heard by *Patti B. Saris*, J.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Patricia A. O'Neill*, Committee for Public Counsel Ser-
vices, for the defendant.

*Barbara F. Berenson*, Assistant District Attorney, for the
Commonwealth.

GREANEY, J. We transferred this case from the Appeals
Court to examine the defendant's contention that he is enti-
tled to resentencing on a conviction because the judge in im-
posing the sentence improperly considered the defendant's

prior misconduct that had resulted in neither a guilty finding
nor a formal complaint. We conclude that the judge acted
properly in imposing the sentence.

On September 13, 1990, the defendant offered guilty pleas
in the Superior Court to three indictments charging rape of a
child by force and one indictment charging kidnapping. The
prosecutor outlined the following facts as the basis of the in-
dictments. The defendant had taken the victim, a seven year
old boy, away from a social function the victim was attend-
ing with his parents by threatening to kill the victim if he
refused to go along. The defendant first took the victim to an
area underneath a bridge where an act of fellatio occurred.
The defendant then brought the victim to the cellar of his
(the defendant's) parents' house where other acts of fellatio
were performed, and the defendant attempted to sodomize
the victim. The victim was confined in the cellar overnight.
The next morning the defendant committed an additional act
of fellatio, after which the defendant surreptitiously removed
the victim from the house in a large cardboard box and sent
him home in a taxicab.

The judge accepted the defendant's pleas of guilty on all
four indictments, and the matter was put over for sentencing
to September 28, 1990. On that date, the judge indicated
that she had reviewed the probation officer's presentence re-
port, a videotape of the victim's grand jury testimony, psy-
chiatric evaluations of the defendant, the defendant's sen-
tencing memorandum, and the Commonwealth's sentencing
memorandum. The defendant's sentencing memorandum in-
cluded letters from the defendant's parents and five of his
siblings depicting the defendant as sensitive, loving, and
harmless, representing that the defendant had a serious prob-
lem with alcohol and had himself been a victim of sexual
child abuse, and seeking a sentence that, after some period of
incarceration, would place the defendant on probation in a
supervised-living situation.

The Commonwealth's sentencing memorandum contained,
among other things, two police reports and two abuse or neg-
lect reports compiled by the Department of Social Services

(DSS), which had been furnished to the district attorney's office pursuant to G. L. c. 119, § 51B (1990 ed.). These reports contained information that the defendant had engaged in prior sexual misconduct with two young boys (who were brothers), two young girls (who were sisters), and his five year old and three year old nephews. The Commonwealth's memorandum went on to indicate that the defendant had been tried and acquitted on criminal charges involving the misconduct with one of the boys, that he had not been tried in connection with the allegations concerning the boy's brother, and that the defendant had not been charged on any of the other incidents because the families of the children involved refused to subject them to the court process.[1]

The defendant's counsel objected to the judge's consideration of the information on the sexual misconduct which had resulted in criminal charges on which the defendant was found not guilty, and he moved that reference to the other matters, as outlined above, "go[ing] beyond" the charges to which the defendant had pled guilty, be struck and not be

---

[1]Plea counsel for the defendant did not receive the Commonwealth's sentencing memorandum containing the police and DSS reports until the day of the sentencing hearing. The prosecutor explained that he had acquired the additional information about the defendant the day before the hearing. Rule 2E of the Rules and Procedures for Investigations for the Probation Officer of the Superior Court Department (Dec. 14, 1978), provides that a presentencing report should be made available to the defense attorney two days prior to the date set for disposition. See Mass. R. Crim. P. 28 (d) (3), 378 Mass. 898 (1979) (prior to disposition, presentencing report should be made available to defendant). If a prosecutor obtains what he or she believes to be reliable information of a defendant's prior criminal misconduct that has not been resolved by the judicial process, the prosecutor should provide that information to the defense attorney in sufficient time to permit investigation. In this case, the information came to the prosecutor's attention at the last moment. The judge informed the defendant's attorney that she would reconsider imposition of the suspended sentence if, after investigation, the defendant's attorney determined that the reports were not reliable. The defendant's attorney requested neither a continuance nor an investigation of the information by the probation officer. Instead, he asked the judge to disregard the information. The defendant would have been entitled to a continuance to permit an investigation, but he could not compel exclusion of relevant and reliable information.

considered in connection with imposing sentence. The judge indicated that she wanted to hear full sentencing arguments. After hearing testimony from the victim's father and reviewing a letter from the victim's mother, the judge heard lengthy arguments from the prosecutor and the defendant's counsel on what each considered to be appropriate punishment. The judge sentenced the defendant to two concurrent State prison sentences of from ten to fifteen years on two of the rape convictions and a concurrent sentence of from nine to ten years on the kidnapping conviction. On the third rape conviction (indictment no. 90-607), the judge imposed a State prison sentence of from thirty to forty years suspended for ten years. This sentence was to be served from and after the committed sentences with a specific condition of probation that the defendant receive psychiatric treatment. It is in connection with this sentence that the defendant argues the judge acted improperly.[2]

1. General Laws c. 276, § 85 (1990 ed.), provides that presentencing reports compiled by probation officers "shall not contain as part thereof any information of prior criminal prosecutions, if any, of the defendant wherein the defendant was found not guilty by the court or jury in said prior criminal prosecution." See Mass. R. Crim. P. 28 (d) (2), 378 Mass. 898 (1979). What probation officers are prohibited from doing cannot be accomplished indirectly by a prosecutor through the Commonwealth's sentencing memorandum. The prosecutor should not have included information as to the defendant's prior misconduct which had resulted in acquittals of criminal charges. Nor should he have made arguments to the judge based on this information. The judge, however, made it clear on the record that she did not consider the charges on which the defendant had been acquitted in deciding that the consecutive suspended sentence should

---

[2]No argument is made that the judge considered any of the information in the police and DSS reports with regard to the committed sentences because the judge made it clear during the sentencing hearing that the information played no part in her formulation of those sentences.

be imposed.[3] We, therefore, reject the defendant's argument that he is entitled to resentencing because the judge wrongly relied on this information.

2. The judge did not act improperly in considering the other information concerning other sexual misconduct by the defendant with young children. A judge has considerable latitude within the framework of the applicable statute to determine the appropriate individualized sentence. See *Commonwealth* v. *Celeste*, 358 Mass. 307, 309-310 (1970); *Commonwealth* v. *Ferguson*, 30 Mass. App. Ct. 580, 586 (1991). That sentence should reflect the judge's careful assessment of several goals: punishment, deterrence, protection of the public, and rehabilitation. See *Cepulonis* v. *Commonwealth*, 384 Mass. 495, 499 (1981). In making that assessment, the judge may consider many factors which would not be relevant at trial including hearsay information about the defendant's character, behavior, and background. See *Commonwealth* v. *Celeste, supra* at 310 ("[a sentencing] judge may consider hearsay, the defendant's behavior, family life, employment, and various other factors"). See also *Williams* v. *New York*, 337 U.S. 241, 247 (1949) ("modern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence properly applicable to the trial").

Federal due process principles do not prevent consideration at sentencing of a defendant's past uncharged misconduct. As we indicated in *Commonwealth* v. *LeBlanc*, 370 Mass. 217, 220-221 (1976): "[T]here is no [Federal] constitutional bar against a sentencing judge considering a convicted defendant's record of arrests, unresolved criminal charges against him, or other evidence of criminal conduct by him for which there has been no conviction. . . . Due process would

---

[3]In discussing the factors involved in the imposition of the suspended sentence, the judge stated on one occasion that "I'm not talking about the 'not guilty,' I'm talking about the two little girls and the nephew." Later in the sentencing hearing, the judge again stated: "I'm not taking into account the 'not guilty,' the court system has resolved that."

require resentencing if the sentencing judge had relied on information which was inaccurate or misleading . . . a prior conviction later revealed to be constitutionally infirm . . . or allegations of other criminal conduct which were wholly unreliable. . . . Of course, a sentencing judge may not undertake to punish the defendant for any conduct other than that for which the defendant stands convicted in the particular case." (Footnote and citations omitted.) No convincing argument has been made that the due process provisions of art. 12 of the Massachusetts Declaration of Rights grant a defendant any greater protection so long as the judge does not permit the sentence to vary because she thinks the defendant is guilty of other misconduct. See *Commonwealth* v. *Le-Blanc, supra* at 223. Consistent with these principles, Massachusetts decisions have recognized the relevance at sentencing of reliable evidence of the defendant's prior misconduct. See *Commonwealth* v. *Coleman,* 390 Mass. 797, 805 (1984) (indictments or other evidence of similar criminal conduct); *Commonwealth* v. *Franks,* 372 Mass. 866, 867 (1977) (seven untried indictments for sex-related offenses); *Commonwealth* v. *Coull,* 20 Mass. App. Ct. 955, 958 (1985) (prior sexual abuse charge which had been dismissed); *Commonwealth* v. *Settipane,* 5 Mass. App. Ct. 648, 653 (1977) (affidavits of police and security officers describing other criminal activity). The great weight of authority is also consistent with these views. See cases cited in *Commonwealth* v. *LeBlanc, supra* at 220-221 n.3. See also 18 U.S.C. § 3661 (1988); Federal Sentencing Guidelines Manual § 4A1.3 (e) and Commentary at 271-272 (1992).

Certainly in this case, the judge had the right to be concerned about the defendant's character and his amenability to rehabilitation. Recent scholarly studies emphasize the importance of understanding the full background of sexual offenders so that proper probationary and treatment terms can be established.[4] Additionally, it is recognized that recidivism

---

[4]See Groth, "Guidelines for the Assessment and Management of the Offender," Sexual Assault of Children and Adolescents 25-28 (1978) (dis-

rates among child molesters are particularly high.[5] In fashioning the suspended sentence, the judge had in mind the protection of society and the kind of intensive treatment and supervision the defendant would need when he returned to "outside" life. Although the defendant argues to the contrary, the explanation given by the judge of the reasons for the consecutive sentence satisfies us that she did not consider the information about the defendant's past misconduct impermissibly to punish the defendant for crimes with which he had not been charged. Rather, she viewed the information as bearing on the defendant's character, and used it to structure a consecutive, suspended sentence on a forcible rape of a child indictment to which he had entered a guilty plea.[6]

We also conclude that the information was sufficiently reliable to be considered by the judge. The material went beyond mere accusations and provided detailed and specific information related by professional reporters. The reports describe the prior incidents in the words and actions of the children and provide graphic accounts of sexual abuse which carry their indicia of trustworthiness. The judge was not required to reject the information because it was unsworn. There was an explanation furnished by the prosecutor for the absence of formal criminal charges. The judge gave the de-

cussing importance of knowing full background of child molesters in order to design proper probationary conditions, and specifically noting that treatment plans require knowing whether behavior is repetitive); Human Sexual Aggression: Current Perspectives, 528 Annals N.Y. Acad. Sci. (Prentky & Quinsey, eds., 1988); Earls & Quinsey, What is to be Done? Future Research on the Assessment and Behavioral Treatment of Sex Offenders, 3 Behavioral Sci. & L. 377, 377-388 (1985).

[5]See Prentky & Burgess, Rehabilitation of Child Molesters: A Cost Benefit Analysis 9-10, Nat'l Symp. Child Victimization 1988) (finding recidivism rate at treatment center at the Massachusetts Correctional Institution at Bridgewater among treated child molesters to be twenty-five per cent, and among nontreated child molesters forty per cent).

[6]We do not agree that the judge's statement that she had "read enough police reports" to conclude that the defendant would need counselling on his release indicates that she improperly injected her personal experience into the disposition. We think the judge simply was referring to the reports containing the information about the defendant's other sexual misconduct.

fendant the opportunity to challenge or rebut the information, if any of it could be shown to be inaccurate or unreliable. See *United States* v. *Terry*, 916 F.2d 157, 162 (4th Cir. 1990); *United States* v. *Papajohn*, 701 F.2d 760, 763 (8th Cir. 1983); *United States* v. *Tracey*, 675 F.2d 433, 441 (1st Cir. 1982). "If the defendant heard allegations by the Commonwealth which he considered false, we would expect that he would have tried to rebut them." *Commonwealth* v. *Settipane, supra* at 656. No continuance for purposes of investigation was sought and no rebuttal was ever offered. See note 1, *supra*. Finally, we see no reason why the prosecutor, as opposed to the probation officer, could not advise the judge of the information so long as he complied with his ethical obligation not to present factually inaccurate or irrelevant material to the court. See *Commonwealth* v. *Coull, supra*; *Commonwealth* v. *Settipane, supra*; ABA Criminal Justice Standards, 18-6.3 (1978).

The judgment of conviction on indictment no. 90-607 is affirmed.

*So ordered.*