COMMONWEALTH *vs.* RONALD BURDICK. No. 97-P-0658. June 1, 1998. *Practice, Criminal,* Sentence. *Constitutional Law,* Sentence.

On the evening of January 18, 1995, the defendant, refused sex by his former wife, viciously beat her, resulting in neurological injury that was still under specialized treatment at the time of the defendant's trial over one year later. A District Court jury found the defendant guilty of assault and battery with a dangerous weapon (his steel-toed boot), assault and battery, wanton destruction of property (ripping out the telephone line), and violation of an order entered under G. L. c. 209A two days after the January 18 beating. For those offenses the judge imposed punishments of (in order) two and one-half years in the house of correction; one year in the house of correction, from and after; probation until February 1, 2011; and two and one-half years in the house of correction, from and after the previous two terms of imprisonment, one year to be served and the balance suspended, with probation until February 1, 2011. A special condition of probation was that the defendant avoid all contact with the former wife or her family. In sum, the defendant was to spend a maximum of four and one-half years incarcerated with probation for an additional ten and one-half years.

The defendant's contentions on appeal relate exclusively to the sentences and the hearing thereon, at which the prosecutor read the former wife's victim impact statement (G. L. c. 279, § 4B), which pleaded with the court for protection from the defendant. The prosecutor made reference to several serious but never prosecuted crimes that had allegedly been committed by the defendant against the former wife prior to the night of January 18. A proba-

tion officer recounted the defendant's troubled history, including one or more out-of-State convictions for driving under the influence. Answering the argument of the defendant's counsel that, despite the alleged abuses, the former wife historically failed to press charges and kept taking the defendant back, the judge commented that this showed only that the former wife "was not only wounded in body; she was wounded psychically and emotionally, as well. . . . [O]nly a damaged person would go back for more. That just tells me the extent of the damage."

The defendant attacks the sentences, which he characterizes as "absolutely disproportionate," "excessively harsh," and "beyond imagination," on three grounds. As to the first, the sentences were not unconstitutionally cruel and unusual because, in our view, they were not excessive in light of the severity of the attack. See *Commonwealth* v. *Bianco*, 390 Mass. 254, 261-262 (1983). Each was within statutory limits. "It is not the function of an appellate court to review an otherwise lawful sentence which is within the limits set by the statute." *Commonwealth* v. *Bibby*, 35 Mass. App. Ct. 938, 941 (1993). Moreover, if the conviction of assault and battery with a dangerous weapon had been returned in the Superior Court, the incarcerated portion could have been ten years for that crime alone. The probation period for the conviction of wanton destruction of property, being in effect concurrent with the probation period for violation of the G. L. c. 209A order, had no independently pejorative effect.

The defendant's second argument, that the harshness of the sentences is explained by the judge's having punished him for charged and uncharged past behavior, rather than simply for the acts for which the defendant stood convicted in this case, in violation of such decisions as *Commonwealth* v. *LeBlanc*, 370 Mass. 217, 221 (1976), and *Commonwealth* v. *Goodwin*, 414 Mass. 88, 93 (1993), is belied by the judge's careful explanation of the limited purposes for which she might consider the background material, wherein she essentially tracked the distinctions drawn in *LeBlanc* and *Goodwin*. As to the prior bad acts mentioned by the prosecutor which had no basis in official records, the defendant at no time challenged the accuracy of the rendition. "If the defendant heard allegations by the Commonwealth which he considered false, we would expect that he would have tried to rebut them." *Commonwealth* v. *Goodwin*, 414 Mass. at 95, quoting from *Commonwealth* v. *Settipane*, 5 Mass. App. Ct. 648, 656 (1977). As to the victim impact statement, we are aware of no authority or precedent for the judge to subject its recitation to prior redaction. Contrast evidentiary hearings on restitution, discussed in *Commonwealth* v. *Nawn*, 394 Mass. 1, 6-9 (1985).

The third argument, that the judge punished the defendant for having lied in giving his side of the story, in violation of *Commonwealth* v. *Coleman*, 390 Mass. 797, 810 (1984), represents a misreading of the judge's remarks to the effect that the defendant's view of himself as a victim of harassment and aggression by the former wife — whether sincere or not — confirmed the probation officer's assessment that the defendant was a poor candidate for counseling, treatment, and rehabilitation without a significant period of incarceration to persuade him that his transgressions were being taken seriously.

*Judgments affirmed.*

*Kent I. Patashnick* for the defendant.

*Joan M. McMenemy,* Assistant District Attorney, for the Commonwealth.