COMMONWEALTH *VS.* DONALD WHITE.

Suffolk. January 8, 2002. - March 14, 2002.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Practice, Criminal,* Sentence.

In arriving at a new sentence following the invalidation of a previous sentence, the resentencing judge had authority to consider information concerning the criminal defendant's good conduct while he was incarcerated following his original sentencing; this court remanded the case for further proceedings, because the resentencing was premised on a major misunderstanding by the judge as to the legal bounds of her authority and was therefore illegal. [343-345]

This court concluded that there were no circumstances warranting the "unusual step" of remanding a criminal case for resentencing before a judge other than the one who had previously resentenced the defendant, where the record indicated simply that the judge misunderstood the legal boundaries of her authority, but otherwise conducted herself properly and only considered appropriate factors in imposing the defendant's sentence. [345-346]

INDICTMENTS found and returned in the Superior Court Department on October 31, 1995.

The cases were tried before *Thomas E. Connolly*, J., and resentencing hearing was held before *Barbara J. Rouse*, J.

The Supreme Judicial Court granted an application for direct appellate review.

*Benjamin H. Keehn*, Committee for Public Counsel Services, for the defendant.

*Susanne Levsen Reardon*, Assistant District Attorney, for the Commonwealth.

GREANEY, J. We granted the defendant's application for direct appellate review to consider whether, in connection with his resentencing (as ordered by the Appeals Court), the resentencing judge had authority to consider information about the defendant's efforts to better himself in prison during the time that elapsed between his original sentencing and his

resentencing. We conclude that the resentencing judge possessed such authority. Because the resentencing judge believed that she lacked the authority to consider the mitigating information, the defendant must be sentenced again. Accordingly, we vacate his sentence and remand the case to the Superior Court for a new sentencing hearing.

The background of the case is as follows. A jury in the Superior Court found the defendant guilty on two indictments charging him with involuntary manslaughter, and on one indictment charging him with receiving a stolen motor vehicle.[1] At trial, the Commonwealth introduced evidence implicating the defendant in the theft of an automobile, and in the collision between the stolen vehicle and a pickup truck that resulted in the deaths of the truck's two occupants. The trial judge sentenced the defendant to two consecutive prison terms of from nineteen and one-half to twenty years on the manslaughter convictions, and a prison term of from fourteen to fifteen years on the receiving a stolen motor vehicle conviction, to be served concurrently with the first manslaughter conviction.

The defendant sought review of his sentences from the Appellate Division of the Superior Court, pursuant to G. L. c. 278, §§ 28A-28C, and from the Appeals Court. The Appellate Division reduced the manslaughter sentences to consecutive prison terms of from fifteen to twenty years, and it left in place the sentence imposed for the stolen motor vehicle conviction.

The Appeals Court affirmed the defendant's convictions, but vacated his sentences and remanded the case "for resentencing before a different judge." *Commonwealth* v. *White*, 48 Mass. App. Ct. 658, 665 (2000). The Appeals Court concluded that certain remarks made by the judge prior to, and at, the sentencing hearing created "the appearance that the sentences may have been influenced by [the judge's] belief that the defendant's prior prison terms [on other charges] were inadequate." *Id.* at 663. The trial judge's indiscretions at the original sentencing proceeding are set forth in *Commonwealth* v. *White*, *supra* at 661-663. The judge's remarks raised concerns that he was

---

[1]The jury also found the defendant guilty of leaving the scene of an accident after causing property damage and of operating a motor vehicle so as to endanger. These convictions were placed on file with the defendant's consent.

improperly punishing the defendant for "conduct other than that for which the defendant [stood] convicted," *id.* at 663, quoting *Commonwealth* v. *LeBlanc*, 370 Mass. 217, 221 (1976), and was deviating from his role as an "impartial arbiter," *Commonwealth* v. *White*, *supra* at 664.

The defendant remained incarcerated during the approximate three-year period following his original sentencing. At his resentencing hearing, the Commonwealth argued that the defendant should receive the sentences imposed by the Appellate Division. The defendant requested that he be sentenced to concurrent prison terms of from nine to twelve years. In support of his request, the defendant summarized in a memorandum his efforts to rehabilitate himself since having been originally sentenced. His memorandum stated that, on entering prison in 1996, the defendant maintained voluntary employment as a cook, addressed his "emotional and substance abuse problems," and voluntarily entered and graduated from an anger management program. Further, the defendant presented information that he attended weekly "Narcotics Anonymous" and "Alcohol[ics] Anonymous" meetings, attended HIV counselling classes, and served as a peer counsellor in his HIV counselling class. Finally, the defendant's memorandum recited that he was making use of his prison commitment, understood that he must change, and had come to accept responsibility, and to feel remorse, for his crimes.

The resentencing judge informed the parties that, in reaching her sentencing disposition, she had "reviewed and considered" several factors, including the Appeals Court's decision; the case file; the Commonwealth's memorandum previously submitted to the Appellate Division; defense counsel's memorandum submitted in connection with the resentencing; the sentencing guidelines; the defendant's prior criminal record, which "puts him in the most serious of offender category on the sentencing guidelines"; the victim impact statements; a letter from the defendant's brother; and "certificates" that the defendant received since being incarcerated. The judge went on to say:

> "I should note that this is not a hearing on a motion to revise and revoke and the standards for that do not apply

here. I cannot — I know where they apply there with respect to anything that happened post-sentencing. I cannot consider what [the defendant] has done, has not done in prison. This is a re-sentencing hearing which is to take into account, which is, to essentially to replace the sentencing which occurred after his convictions.

"And so anything that [the defendant] has done or not done in prison to better himself, to address the substance abuse problems, I do not believe should be or can be considered at this sentencing hearing."

Concluding that there were no "mitigating factors" to consider, the resentencing judge then identified "aggravating factors," namely, the nature of the crime; the fact that two lives were needlessly taken; the number and nature of the prior crimes committed by the defendant; the fact that the crime occurred within thirty days of the defendant's release from incarceration on another sentence; and the fact that there was no sustained period of time on the defendant's record when he successfully addressed his substance abuse problems. For these reasons, the judge imposed the same sentences on the defendant that had been imposed by the Appellate Division.

1. In arriving at a new sentence, the resentencing judge had authority to consider information concerning the defendant's good conduct while he was incarcerated following his original sentencing. When imposing a sentence, judges are permitted considerable latitude. *Commonwealth* v. *Power*, 420 Mass. 410, 413 (1995), cert. denied, 516 U.S. 1042 (1996). They consider "several goals," including "punishment, deterrence, protection of the public, and rehabilitation." *Id*. at 414. To ensure the proper administration of justice, judges also attempt to get "the fullest possible picture of the defendant." *Commonwealth* v. *Settipane*, 5 Mass. App. Ct. 648, 654 (1977). Thus, sentencing judges "properly may consider a variety of factors," including information concerning a defendant's character, behavior, and propensity for rehabilitation. *Commonwealth* v. *Coleman*, 390 Mass. 797, 805 (1984). See *Commonwealth* v. *Celeste*, 358 Mass. 307, 309-310 (1970).

It is established that, in resentencing, after a conviction and sentence have been vacated and the case has been retried, new

information unfavorable to a defendant, including information concerning his conduct subsequent to his original sentencing, may be considered by a sentencing judge, subject to limitations safeguarding against retaliatory vindictiveness. See *North Carolina* v. *Pearce*, 395 U.S. 711, 723, 725-726 (1969); *Commonwealth* v. *Hyatt*, 419 Mass. 815, 823 (1995). It logically follows that, in resentencing following the invalidation of a sentence (where the underlying conviction has not been vacated), the resentencing judge has authority to consider favorable information about the defendant's good conduct subsequent to his original sentencing. This conclusion is consistent with that reached by the Supreme Court of Wisconsin in *State* v. *Carter*, 208 Wis. 2d 142, 146 (1997), the only decision of which we are aware that has addressed a similar situation.[2] It is also consistent with the fact that resentencing was to take place as if the defendant had been convicted contemporaneously with the resentencing proceedings. The Appeals Court's decision vacating the defendant's sentences rendered the original sentences, as modified by the Appellate Division, a nullity.[3]

This principle does not grant a windfall to the defendant.

[2]The defendant in *State* v. *Carter*, 208 Wis. 2d 142, 147 (1997), pleaded guilty to false imprisonment while armed. His original sentence was later vacated. *Id.* At his resentencing hearing, the defendant's attorney attempted to present information (including the fact that the defendant had participated in an alcohol treatment program and had a positive record of behavior while incarcerated) that had occurred after the defendant's original sentencing hearing. *Id.* The sentencing judge refused to consider the information. *Id.* at 148. The court concluded that "a circuit court should have available to it all information relevant to determining the appropriate sentence. Accordingly, we hold that a circuit court should, in imposing a sentence at a resentencing proceeding, consider all information relevant about a defendant, including information about events and circumstances either that the sentencing court was unaware of at the initial sentencing or that occurred after the initial sentencing." *Id.* at 146.

[3]Applying the prohibition against consideration of any postsentencing conduct of the defendant when ruling on a motion to revise and revoke a sentence, Mass. R. Crim. P. 29, 378 Mass. 899 (1979), to the situation presented here makes little sense. The purpose of a motion to revise and revoke "is to permit a judge to reconsider the sentence he has imposed and determine, in light of the facts as they existed at the time of sentencing, whether the sentence was just." *Commonwealth* v. *Layne*, 386 Mass. 291, 295 (1982). In the case before us, we are not concerned with the justness of the original sentences; the original sentences imposed on the defendant have already been declared unlawful. Thus, contrary to a situation involved with a

Fairness dictates, that, in accordance with the common-law principle that we adopted in *Commonwealth* v. *Hyatt, supra,*[4] the resentencing judge may also consider information presented by the Commonwealth concerning a defendant's unfavorable conduct occurring subsequent to his original sentencing hearing.

"This court will consider a sentence only to determine if it is illegal or unconstitutional." *Commonwealth* v. *Molino,* 411 Mass. 149, 155 (1991). Here, the resentencing judge mistakenly believed that she lacked authority to consider good conduct information offered by the defendant. Because the sentence was "premised on a major misunderstanding by the sentencing judge as to the legal bounds of [her] authority," the sentence was "illegal." *Commonwealth* v. *McGuinness,* 421 Mass. 472, 475 (1995). See *Robinson* v. *United States,* 313 F.2d 817, 821 (7th Cir. 1963) (sentence vacated where sentencing judge "acted under a misapprehension of law"). The proceedings therefore have to be reconvened. It is, of course, up to the resentencing judge to decide what weight to give information concerning the defendant's conduct (good or bad) since the time of his original sentencing, and we express no opinion as to whether the assessment of that information should result in a sentence different from the sentence previously imposed. Today's opinion merely states that, on resentencing, the judge may consider a wider range of information.

2. We reject the defendant's argument that resentencing

---

motion to revise and revoke, this case involves sentencing anew. The prohibition on considering postsentencing conduct when reviewing a motion to revise and revoke comports with the strict jurisdictional time limits imposed by the rule. See Mass. R. Crim. P. 29 (a) (written motion must be "filed within sixty days after the imposition of a sentence, within sixty days after receipt by the trial court of a rescript issued upon affirmance of the judgment or dismissal of the appeal, or within sixty days after entry of an order or judgment of an appellate court denying review of, or having the effect of upholding, a judgment of conviction"). Given the lengthy time involved in pursuing appellate review of a sentence, in either the Appeals Court or this court (in this case, a little over three years), a defendant's conduct during that time may be relevant in evaluating, for instance, his propensity for rehabilitation.

[4]In *Commowealth* v. *Hyatt,* 419 Mass. 815, 823 (1995), the court concluded: "We adopt as a common law principle a requirement that, when a defendant is again convicted of a crime or crimes, the second sentencing judge may impose a harsher sentence or sentences only if the judge's reason or reasons for doing so appear on the record and are based on information that was not before the first sentencing judge."

should take place before yet another judge. As we have stated, the resentencing judge simply misunderstood the legal boundaries of her authority. The record indicates that, in all other respects, she conducted herself properly and considered only appropriate factors in imposing the defendant's sentences. On the record before us, there is no indication that she was unfair. We are satisfied that she will retain impartiality. There are no circumstances warranting the "unusual step" of remanding the case for resentencing before a different judge. See *Commonwealth* v. *Coleman, supra* at 810-811 n.15.

3. We vacate the sentences imposed on the defendant in the Superior Court on September 22, 2000, and remand the matter for resentencing on the manslaughter and receiving a stolen motor vehicle convictions.

*So ordered.*