NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1007

COMMONWEALTH

vs.

VAL D'LAURENT.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Val D'Laurent, appeals from an order of a District Court judge revoking his probation based on findings that he committed new criminal offenses and his whereabouts were unknown.  The defendant contends that the judge violated his right to due process, improperly relied on inaccurate information, and failed to adequately weigh the relevant sentencing factors.  We affirm.

Background.  In 2022, the defendant pleaded guilty to multiple drug charges (including multiple charges of possession with intent to distribute), carrying a dangerous weapon, and resisting arrest.  He was sentenced to concurrent split sentences of two years in the house of correction, with six

months to serve, and the remaining eighteen months suspended for one year with probation. The defendant was released on probation on December 28, 2022. At the time of his release, he had three outstanding felony warrants. Additional warrants issued from Quincy District Court on December 29, 2022, and Wareham District Court on January 23, 2023, because he cut off his global positioning system (GPS) ankle monitor and his whereabouts were unknown.

The probation department alleged that the defendant first violated his probation by failing to report after his release from incarceration. It further alleged that the defendant violated his probation on January 29, 2023, when he was arrested on new criminal charges. At a gas station in Middleboro, while the defendant was a passenger in his girlfriend's car, a State police trooper arrested him after determining he had outstanding warrants for his arrest in Massachusetts and Maine. A Middleboro police officer who was assisting the trooper saw what appeared to be a firearm in an open bag in the car. The trooper searched the vehicle and found a firearm, film strips labeled suboxone, prescription bottles of buprenorphine and naloxone, brass knuckles, and two double-edged switch blades. The defendant was charged with two counts of subsequent offenses for possession of a class B controlled substance, G. L. c. 94C, § 32A (d); two counts of subsequent offenses of carrying a

2

dangerous weapon, G. L. c. 269, § 10; and being a fugitive from justice on a court warrant, G. L. c. 276, § 20A. The trooper was later notified that foreign objects had been recovered from the defendant's rectal area, including a plastic bag believed to contain fentanyl, numerous bags believed to contain methamphetamine, and numerous bags believed to contain cocaine and heroin. The defendant was charged with five additional counts related to the possession and trafficking of controlled substances.

The probation violation hearing was held in May 2023. The trooper who arrested the defendant was unavailable to testify. The probation department called a supervising probation officer, who testified that the defendant was ordered to report to probation upon release and failed to do so. The defendant's whereabouts were unknown until he was identified by the trooper at the Middleboro gas station. The probation department also relied on the police report for the defendant's underlying charges and the trooper's arrest report. Even though the defendant objected to the admission of the reports as unreliable hearsay, the judge admitted them in evidence, and the defendant does not challenge that ruling on appeal.

The only witness called by the defense was the defendant's girlfriend. She testified that on January 29, 2023, she was driving the defendant to Boston so that he could meet a friend

3

who could help him to clear his warrant in Maine. The girlfriend testified that the prescription drugs found in her car belonged to a friend, although she was not sure about the friend's last name, and that she had taken the brass knuckles and knives from her son but did not know who owned them. She testified that the defendant lived with her and that she did not know where he obtained money and had never seen him with drugs, but she also admitted her awareness that he had multiple convictions for dealing drugs. She testified that she did not ask the defendant about the removal of his GPS ankle monitor and did not notice when it was no longer on him. The judge found the girlfriend's testimony to be "totally incredible" and did not credit it.

At the conclusion of the hearing, the judge found that the defendant violated his probation "on all bases." The probation department requested that the eighteen-month balance of the defendant's sentence be imposed. The defense argued that the defendant's circumstances warranted a lesser sentence because this was his first drug offense and, given his addiction problem, he should have been referred to drug court after his guilty plea. The judge revoked the defendant's probation and sentenced him to the balance of his sentence to be served concurrently.

4

Discussion.  "In general, probation violation hearings follow a two-step process:  the judge first determines if a probation violation has occurred, and then decides how to dispose of the matter."  Commonwealth v. Al Saud, 459 Mass. 221, 226 (2011).  After determining that a probationer has willfully violated the terms of his probation, the judge "can either revoke probation and sentence the defendant or, if appropriate, modify the terms of his probation."  Commonwealth v. Durling, 407 Mass. 108, 111 (1990).  See Commonwealth v. Jarrett, 491 Mass. 437, 440 (2023).  In determining the appropriate disposition, the judge should carefully assess the goals of "punishment, deterrence, protection of the public, and rehabilitation."  Commonwealth v. Goodwin, 414 Mass. 88, 92 (1993).  A judge may consider "the circumstances of any crime for which the probationer was placed on probation; the nature of the probation violation; the occurrence of any previous violations; and the impact of the underlying crime on any person or community, as well as mitigating factors."  Commonwealth v. Eldred, 480 Mass. 90, 103 (2018), quoting Rule 8(d) of the District/Municipal Court Rules for Probation Violation Proceedings.  See Commonwealth v. White, 436 Mass. 340, 343 (2002).  "To ensure the proper administration of justice, judges also attempt to get the fullest possible picture of the defendant . . . including information concerning a defendant's

5

character, behavior, and propensity for rehabilitation" (quotations and citations omitted). White, supra. We review a judge's decision to revoke a defendant's probation and the judge's underlying evidentiary rulings for an abuse of discretion. See Commonwealth v. Rainey, 491 Mass. 632, 648 (2023); Jarrett, supra.

1. Due Process. The defendant first contends that the judge violated his right to due process by revoking his probation based on his new, untried charges and not the offenses for which he pleaded guilty in 2022, and by imposing a personal bias against drug dealers. We disagree.

"A defendant who violates probation is not being punished for violating a condition of probation, but rather the defendant is essentially being sentenced anew on his [or her] underlying conviction" (quotation and citation omitted). Eldred, 480 Mass. at 97. Provided that the defendant is not punished "for an untried criminal offense," Commonwealth v. Mills, 436 Mass. 387, 400 (2002), a sentencing judge has broad discretion to consider "unresolved criminal charges against him, or other evidence of criminal conduct by him for which there has been no conviction." Goodwin, 414 Mass. at 92. See Commonwealth v. LeBlanc, 370 Mass. 217, 220-221 (1976). Accordingly, the judge acted within his discretion in asking the defendant's girlfriend about his new charges, as well as questions to clarify her testimony and

6

assess her credibility.  See Commonwealth v. Hassey, 40 Mass. App. Ct. 806, 810 (1996) ("Of course a trial judge may question witnesses to clarify the evidence, eradicate inconsistencies, avert possible perjury, and develop trustworthy testimony").

Nor did the judge abuse his discretion by failing to give adequate consideration to the underlying charges to which the defendant pleaded guilty.  See Goodwin, 414 Mass. at 92.  The record shows that the judge was familiar with those charges, and he specifically reviewed the police report on those charges and the tender of plea form after defense counsel represented that the defendant had previously "asked to be in the Drug Court program."  The judge ultimately revoked the defendant's probation and required him to serve the balance of his original sentence -- "a remedial sanction arising from the sentence imposed for the earlier offense."  Commonwealth v. Holmgren, 421 Mass. 224, 227 n.1 (1995).  See Commonwealth v. Doucette, 81 Mass. App. Ct. 740, 744-745 (2012).

We are also not persuaded by the defendant's argument that the judge's comments during his sentencing deliberation suggest that he inappropriately based his decision on a personal bias against drug dealers.  We acknowledge some of the judge's statements at the hearing, including that "I feel like at this point in my career I know a drug dealer when I see a drug dealer," might be perceived, when stripped of context, as less

7

than impartial and therefore should be avoided.  Nevertheless, while a judge "must be ever vigilant to make certain that his personal and private beliefs do not interfere with his judicial role," Mills, 436 Mass. at 401, a judge may "freely place on record his sentencing philosophy and particularized sentencing rationale."  Commonwealth v. White, 48 Mass. App. Ct. 658, 664 (2000).  In response to defense counsel's argument regarding the defendant's supposed interest in a drug court program, the judge explained why he believed that program was inappropriate given the defendant's record and apparent continuing activity as a drug dealer.  In relevant part, the judge stated that "[t]here's no way that I'm putting a drug dealer in a Drug Court," because "[t]he last thing you want to do is put somebody who sells drugs in with people who are trying to kick it."  As the judge's reasoning was particularized to the defendant's case and supported by the record, the defendant's right to due process was not violated, and resentencing is not warranted.  See id.

2.  Evidentiary issues.  The defendant asserts that, in revoking his probation and imposing the balance of his sentence, the judge improperly relied on the mistaken belief that the defendant was found with narcotics secreted in his anal cavity on multiple occasions, including in connection with the offenses to which he had pleaded guilty.  See Commonwealth v. Plasse, 481 Mass. 199, 206 (2019) (judge may not "rely on inaccurate or

8

misleading information in sentencing").  At the hearing, in response to the defendant's expressed interest in participating in drug court as an addict, the judge stated that he doesn't "know too many people that are, you know, street users that are sticking mini bags up their butt repeatedly."  The judge also stated that the defendant "had drugs in his anal cavity on the offense for which he is now on probation" and "didn't even make it a month" without "drugs in his anus."  Defense counsel did not object to the judge's statements at the hearing or seek to clarify the record.  Although the judge's statements were imprecise, we are not convinced, as the defendant now contends, that they necessarily indicate a belief that the defendant had secreted narcotics in his rectal area on a prior occasion, rather than in connection with the arrest that led to the probation revocation hearing.  In any event, the judge did not act outside his discretion in considering this evidence of criminal conduct as a factor in determining the appropriate disposition for the defendant's violation of his probation.  See Goodwin, 414 Mass. at 92.

3.  Sentencing.  Lastly, the defendant contends that the judge failed to adequately balance the "competing considerations" in deciding to impose the full balance of his sentence.  See Plasse, 481 Mass. at 199-200, quoting Commonwealth v. Rodriguez, 461 Mass. 256, 259 (2012).  He argues

9

that the judge abused his discretion by incorrectly assuming that the defendant had the opportunity to receive rehabilitative services but did not take advantage of them. The judge found that the defendant "was given plenty of opportunity to do the right thing with his life when he was on probation . . . and was being given services," but he "chose to cut that bracelet off and continue to engage in drug activity." The defendant "had drugs in his anal cavity on the offense for which he is now on probation" and "admitted to . . . distribut[ing] those drugs." The judge further noted that this was not the first time the defendant violated his probation, and, this time, he "didn't even make it a month." As for the defendant's claim that he had sought to participate in drug court on the underlying offenses, the judge found that the defendant instead "wanted to get out of jail" and recommended the very sentence that the first judge imposed. Thus, rather than ignoring the defendant's "argument that no one's . . . offered him any treatment," the record shows that the judge considered that argument and rejected it. See Eldred, 480 Mass. at 103-104 (judge not required to accept defendant's presentation of mitigating circumstances). We discern no abuse of discretion in how the judge assessed the

defendant's interest in drug treatment and rehabilitation or his decision to impose the balance of his sentence.

<u>Order revoking probation affirmed</u>.

By the Court (Sacks, Hodgens & Toone, JJ.[1]),

*Paul Little*

Clerk

Entered:  March 23, 2026.

---

[1] The panelists are listed in order of seniority.